JAMES *et al.* v. UPTON *et al.*

GILBERT, J. The court did not err in sustaining the demurrer to the petition.

(a) Plaintiff had an adequate remedy at law, by claim. *Douglas* v. *Jenkins*, 146 *Ga.* 341, 343 (91 S. E. 49).

(b) The interest in the land claimed by plaintiff was not set out with sufficient definiteness. *Judgment affirmed. All the Justices concur.*

No. 4767. AUGUST 14, 1925.

Equitable petition. Before Judge Humphries. Fulton superior court. December 23, 1924.

The petition, filed by J. S. James and J. R. Bedgood in Fulton superior court against Miss Lizzie Upton and others, heirs of the estate of David Dudley, A. P. Griggs, administrator of said estate, the sheriff of Paulding County, and J. W. McMillan, as transferee of an execution issued against David Dudley, alleged in substance, that the defendants were advertising for sale described land located in Paulding County, levied upon as the property of the estate of David Dudley, deceased, under the execution held by McMillan; "that by contract and agreement they [petitioners] are interested in the property so advertised and are owners in connection with other property which once belonged to the estate of David Dudley, deceased, or to his heirs;" that McMillan, some of the heirs of the estate of David Dudley, Griggs, administrator, and the sheriff of Paulding County had conspired together and were proceeding with the levy and advertisement of the property for sale, "in order to purchase it, to try in this way to get a deed into themselves, . . and . . to try to beat your petitioners out of their right, title, and interest in or to any of said property under this unlawful conspiracy;" that the proposed sale will result in interminable litigation and a multiplicity of suits to set aside such sale and deeds made pursuant to the same, in order to protect the rights of petitioners; that the injury and damage to petitioners will be irreparable; that the execution levied upon the land was barred by the statute of limitations; that Griggs, administrator, had refused to file an affidavit of illegality, and was acting in concert with McMillan and the other defendants in the effort to bring the property to sale. The prayer is for injunction. The record does not disclose the date upon which the petition was filed, but the order nisi granted thereon required the defendants to show cause on October 9, 1920. There is incorporated in the bill of exceptions a demurrer filed by McMillan, Wheeler, sheriff, and Griggs, administrator, upon the grounds: (1) there is no equity in the petition; (2) it does not set forth a cause of action; (3) it does not state what the interest of petitioners in the property is, how or when they acquired it, the nature of their claim, under whom they hold, or that their claim is superior to the execution levied upon the property; (4) it does not allege with which of

the heirs of David Dudley the defendants demurring are con-
spiring, the nature of the conspiracy, into whom they are en-
deavoring to get the title, how or in what way the interests of
·petitioners would be affected by such sale, why the sale would be
illegal, or any other specific act or deed done or word spoken by
defendants tending to indicate a conspiracy or collusion. There
are also incorporated in the bill of exceptions certain affidavits, an
unsigned form of verdict, and an unsigned form of decree indicat-
ing that terms of settlement of the litigation had been agreed upon
between the counsel who had filed the demurrers on behalf of the
three defendants above mentioned, and one of the petitioners. It
appears from the record that counsel for defendants who filed the
pleadings and made the negotiations referred to, looking to the
settlement, was dead at the time of the judgment now complained
of.   In the brief of counsel for the plaintiffs the following state-
ment is made:  "Before plaintiff ·J. S. James, and defendant's at-
torney, W. E. Spinks, were taken sick, they both entered into an
agreement to settle the case on the terms set forth in a blank verdict
and judgment, which was prepared by W. E. Spinks, attorney
aforesaid, and submitted to J. S. James, but before the contract
was carried into effect by signing of the verdict and judgment, both
attorneys were stricken by illness as aforesaid.  The matter stood
in that condition until one A. J. Camp, attorney, induced said
Judge John D. Humphries to take up the demurrer filed in the
case by W. E. Spinks and hear the same.  At the first time set
for the hearing J. S. James appeared before Judge Humphries
personally, and explained that he was unable mentally and physic-
ally to try the case, and on his request he was allowed to submit
the blank verdict and judgment prepared by Spinks to Judge
Humphries, with the request, as James understood it, that he have
the verdict signed, and judgment rendered effectuating the settle-
ment or compromise of the case."   The judge presiding made the
following notations upon the bill of exceptions:  "This case was
assigned for hearing in the motion division.  When called for
trial, the petition was read to the court, and the demurrer in the
case was also read.   After argument of counsel, Mr. J. S. James
·asked time to tender an amendment.  The case was taken under
advisement to allow time to prepare the amendment, and in the
meantime the original papers were delivered to Mr. J. S. James.

On December 23rd, 1924, the original papers were returned to the court by Mr. James, who at the same time handed to the court an affidavit, with blank typewritten papers attached thereto. This occurred in the office of the presiding judge, and counsel for defendants was not present at the time. There was no motion made to direct a verdict, and no jurors were in attendance upon the court. The case was disposed of upon the demurrer to the petition, and the following order was entered in the case, to wit: It appearing to the court that the plaintiffs have an adequate remedy at law, in that they could file a claim to any interest they may have in or to the property in question, which claim could be adjudicated in Paulding County, where the land lies, and where the judgment in question was rendered, and where the holder of the execution resides: It is considered, ordered, and adjudged by the court that the demurrer to plaintiff's petition be and the same is hereby sustained, and said case dismissed, the restraining order heretofore granted is dissolved, and judgment is rendered against plaintiffs for $——— costs. This 23rd day of December, 1924." Error is assigned upon this judgment.

L. S. James, Orville D. Rogers, and W. A. James, for plaintiffs. A. J. Camp, for defendants.