494

DUNAHOO v. DUNAHOO et al.

GILBERT, Justice. The exception is to a refusal to grant an interlocutory injunction to prevent the sale of property under an execution. *Held*, that the petitioner had an adequate and complete remedy at law by claim. *Teasley* v. *Bradley*, 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113); *Douglas* v. *Jenkins*, 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322); *Williams* v. *Smith*, 148 *Ga.* 615 (97 S. E. 670); *Myers* v. *Warrenfells*, 153 *Ga.* 648, 653 (113 S. E. 180); *Eslinger* v. *Herndon*, 158 *Ga.* 823 (124 S. E. 169, 900); *James* v. *Upton*, 160 *Ga.* 819 (129 S. E. 100); *Perry* v. *Gormley*, 177 *Ga.* 372 (170 S. E. 223). The court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

No. 11111. DECEMBER 10, 1935.

*Maddox & Griffin*, for plaintiff. *M. B. Eubanks*, for defendant.

ZIPPERER v. ZIPPERER.

GILBERT, Justice. The evidence being conflicting the court did not abuse its discretion in granting temporary alimony.

*Judgment affirmed. All the Justices concur.*

No. 11117. DECEMBER 10, 1935.

*Casper Wiseman*, for plaintiff in error. *Edward J. Goodwin* and *W. G. Warnell*, contra.