No. 36.—MOSES TISON and others, plaintiffs in error, *vs.* ABNER TISON, administrator, and others, defendants.

[1.] A dies before B, his father, leaving children. Upon B's death, the children of A can sue in their own right for his portion of B's estate.

[2.] The children of A filed a bill against the administrator of B, for their distributive share, averring advances to the other distributees, and calling them to account in hotchpot; to which bill those distributees were made parties defendants: *Held,* that they were properly made parties.

[3.] *Held,* that in such a bill, it is not necessary to aver notice to the admin-

istrator that the complainants would claim the right of calling the other distributees into hotchpot.

[4.] *Held,* farther, that in such a bill, it is not necessary for the complainants to aver that they have not been advanced, and that if the bill admits that they have been advanced, it is then necessary to aver their readiness to account in hotchpot.

In Equity, in Dooly Superior Court. Decided by Judge POWERS. April Term, 1852.

The complainants in this case filed their bill, setting forth the following facts:

That they were the grand-children of Moses Tison, who died intestate in 1844, their father having died previously; that Abner Tison, son of Moses Tison, was his administrator; that Moses Tison, in his life time, had made advancements to certain of his heirs, which were specified in the bill.

These heirs were made parties defendants, and the bill prayed that they might be required to bring these advancements into hotchpot, and that the administrator be required to pay over to complainants their distributive shares of the estate of their grand-father.

The defendants demurred to this bill, on the following grounds:

That complainants do not say, whether they or their father had received advancements from the intestate, and do not offer to bring such advancements in hotchpot.

That complainants had waived their right of action by receiving their distributive share.

That the right of action was barred by the Statute of Limitations; the suit being really against the distributees, though nominally against the administrator.

That the distributees are improperly made parties.

That no notice to the administrator, prior to the distribution of the estate, was averred in the bill.

That complainants had no right to sue in their own names; but should have prosecuted in the name of the representative of their father.

All which grounds of demurrer, were overruled by the Court, and defendants excepted to said decision.

WARREN & FRANKS, LYON & CLARK, and HALL & HALL, for plaintiffs in error.

S. T. BAILEY, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

The Statute of Limitations was not relied upon, but waived before this Court. None of the grounds of demurrer can, in our judgment, be sustained.

[1.] The action is well brought in the name of the grand-children of the intestate. Their father died before the intestate, and for that reason, it is not necessary that the suit be brought by his representatives. Upon the death of complainant's grand-father, their father being dead, the law cast the right to their father's portion of his estate, immediately upon them, and they having the right to a distributive share, are entitled to sue for it; for the reason that they are entitled to a disbributive share, they are entitled to bring the other distributees into hotchpot.

[2.] It is true that they could have proceeded against the administrator of their grand-father alone, and held him to a legal distribution. If he has paid out to the other distributees more than what the law would give them—if he has failed to require them to account in hotchpot, they being advanced, these things he has done at his peril. His duty was to settle the estate according to law. Whilst this is true, the bill is not demurrable, because the distributees alleged to be advanced are joined with him as parties defendants to the suit; they may not be necessary, but they are proper parties; they are interested, because if the administrator were made to pay on account of their advances, they would be liable to respond to him; with better grace, they could complain, if they had not been brought before the Court. Equity favors one decree and abhors many suits.

[3.] No notice whatever was necessary to the administrator,

that the complainants would call the distributees into hotchpot; the law requires none; he is bound to administer the estate so as to protect the rights of all parties in interest; the complainant's rights are created by public law, of which he is presumed to have cognizance.

If the complainants have received a distributive share, and have not received all they are entitled to, they may still sue for the balance; but it no where appears, that they have received anything; their claim is for a full accounting by the administrator and the advanced distributees. Upon demurrer, then, how does it appear that they have received their distributive share; *prima facie* they have not, because they go for all; so I do not see, that any question can be made on this record, as to their having waived their right to call the other distributees into hotchpot, by having received their portion in whole or in part.

[4.] The same reasoning applies to the ground that they have neither averred that they themselves were not advanced, or their father before them; or that being advanced, they are ready and willing to come into a hotchpot accounting. They go for their entire share; the bill negatives the presumption that they have been advanced. How does the *demurrant* arrive at the fact that they have been advanced? If they had admitted advancement to them or their father, then it is conceded that they could have been compelled to aver readiness to bring their advanced portions into the general fund. The bill makes a case of no advancement to complainants. If not being advanced, they are entitled to sue, and call the other distributees into hotchpot, then such averment is not necessary; and of that there is no doubt. If it be true that they have been advanced, the other distributees can file a cross bill, and compel them to discover and also to account.

Let the judgment be affirmed.