*Charles Akerman,* contra.

---

GORMAN *v.* SHERROD.

HILL, J. 1. Plaintiff in her petition having alleged in general terms that she had been adopted as the child of the foster mother, this allegation will be taken to mean that this was a legal adoption, and that she became the child of the foster mother. A subsequent contract between the foster mother and the child, made in 1915, when the child was preparing to leave the foster mother during minority, in which the mother agreed that if the child continued to live with and take care of her and work for her, a described tract of land was to be the property of the child, was without consideration, the foster mother being entitled to the services of the adopted child. For this reason the petition did not set forth a cause of action, and the court did not err in dismissing it on general demurrer; the foster mother having died during the minority of the child, and no services having been rendered after majority.

2. The above ruling disposes of the case upon its merits; and it is unnecessary to consider and decide whether the contract upon which the specific performance is sought is set forth with sufficient definiteness to entitle petitioner to this remedy, or whether the petition was demurrable for any other reason.

*Judgment affirmed. All the Justices concur.*

No. 3204. JANUARY 17, 1923.

Equitable petition. Before Judge Hardeman. Emanuel superior court. April 13, 1922.

The plaintiff brought her equitable petition against W. B. Sherrod, to compel specific performance of a parol contract, and for recovery of certain described land. The allegations of the petition were substantially as follows: The plaintiff was given to Mrs. Mozelle Sherrod by her mother when she was three years old, and was adopted by Mrs. Sherrod as her own child; and the plaintiff changed her name from Mattie Mae Gale to Mattie Mae Sherrod. Plaintiff continued to reside with Mrs. Sherrod from the year 1903 until March, 1917, when Mrs. Sherrod died, leaving no debts and her husband, W. B. Sherrod, as her only heir at law surviving her, and leaving the real estate in controversy, worth about $10,000, which he took charge of without administration and holds against plaintiff, although she demanded it of him. Plaintiff continued to reside with W. B. Sherrod after his wife's death, and until sometime after his second marriage, when she left on account of alleged cruel treatment by Sherrod and his second wife. Plaintiff was then about twenty years of age. Plaintiff "was faithful, dutiful, and affecticnate. to Mrs. Mozelle Sherrod during the lifetime of Mrs. Mozelle Sherrod, and at the time of her death, and rendered to her husband and her, for seventeen years, efficient and valuable services of the value of $10,000 or more, and should be paid therefor, and in return therefor, as a recompense to your petitioner, and because of the affection which Mrs. Mozelle Sherrod had for your petitioner, . . at the time of her death, just before her death, and many times previous thereto, stated to your petitioner, and many other persons, that at the time of her death she desired that all of the property owned by her, same being the real estate hereinabove described, should belong to and become the absolute property of your petitioner; that your petitioner relied upon said statements made by Mrs. Mozelle Sherrod, and continued to reside with her and labor for her, and her husband, W. B. Sherrod, up to and after the death of Mrs. Mozelle Sherrod, and your petitioner continued to reside with W. B. Sherrod until January, 1920, when, W. B. Sherrod having remarried, petitioner was forced to leave the house of W. B. Sherrod and seek employment in the City of Savannah." It is alleged by way of amendment that on or about June, 1915, plaintiff intended to and was

preparing to leave the house of Mrs. Mozelle Sherrod, when the latter " promised and agreed to and with your petitioner that if your petitioner would not leave her, and would stay with, work for, look after and care for her, the said Mrs. Mozelle Sherrod, as long as she lived, that when she died the property described in the seventh paragraph of the petition [the property in controversy] would be her own; and in consideration of her so remaining with the said Mrs. Mozelle Sherrod and performing the services hereinbefore mentioned, and in further consideration of the services already performed, that your petitioner should have the said property.  Petitioner further alleges that the said Mrs. Mozelle Sherrod was then in poor health, and never fully recovered her health during her lifetime; and that your petitioner accepted said offer in good faith, carried out her part of the agreement by remaining with the said Mrs. Mozelle Sherrod, working for, looking after, and caring for her until her death, and performing her duties to the very best of her ability.  Petitioner further shows that she remained upon the property, . . and upon which Mrs. Mozelle Sherrod lived during her lifetime, for about three years after the death of the said Mrs. Mozelle Sherrod, at which time she was forced to leave the same, by reason of the cruel and unjust acts of the defendant and his second wife."

The defendant demurred to the petition upon the following grounds: (1) The petition sets out no cause of action against the defendant. (2) There is no equity and right of recovery, either in law or equity, set out in the petition. (3) The petition shows that the title to the property is in the defendant, and that the plaintiff has no right, title, or claim in any manner whatsoever. The court sustained the demurrer and dismissed the petition on the ground that it did not set out such a definite and distinct contract as could be enforced, etc.  Whereupon the plaintiff excepted.

*Gilbert E. Johnson* and *Columbus E. Alexander,* for plaintiff.
*F. H. Saffold,* for defendant.