BOARD OF COMMISSIONERS OF KETTLE CREEK DRAINAGE DISTRICT *et al. v.* MUNICIPAL SECURITIES CORPORATION OF CHICAGO.

ATKINSON, J. 1. Where a defendant named in a petition for injunction and receiver presents his bill of exceptions to a judgment granting an injunction and appointing a receiver, wherein error is duly assigned upon the judgment, and the judge approves the same and signs the writ of error, the trial court loses jurisdiction until the case is disposed of in the Supreme Court and the remittitur is returned to the trial court and made the judgment of that court. *Edwards v. State,* 125 *Ga.* 5 (53 S. E. 579). Accordingly the writ of error will not be dismissed in the Supreme Court on account of subsequent action by the trial court in entertaining and overruling a motion by the defendant in error to revoke the order granting the injunction and appointing the receiver, although the effect of such subsequent action was to afford the defendant a hearing on the grounds alleged in the petition for injunction and receiver, which was one of the grounds of complaint in the bill of exceptions.

2. On November 29, 1924, the Municipal Securities Corporation of Chicago presented to the judge its petition against Board of Commissioners of Kettle Creek Drainage District and the sheriff of Wilkes County, seeking to enjoin a sheriff's sale advertised to occur "on the first Tuesday in December, 1924," and to have a receiver appointed for the Board of Drainage Commissioners. The petition contained prayers for the appointment of a receiver to take charge of Kettle Creek Drainage District; that the rights and equities of all bondholders be determined and enforced; for general relief; that a temporary receiver be appointed; that a temporary restraining order be granted, restraining the sheriff from carrying out his intention to sell land on the first Tuesday in December; that a permanent injunction be granted against the

---

Appeal and Error 3 C. J. pp. 1252, n. 28; 1253, n. 31; 1255, n. 43; 1257, n. 44; 4 C. J. p. 586, n. 69 New.

Drains 19 C. J. p. 747, n. 58 New.

sheriff; that a rule nisi issue, commanding the defendant to show cause at a certain time and place why the prayers for interlocutory relief should not be granted; and for process. The petition was sworn to by an attorney in fact. It was not alleged, nor was it shown by the affidavit of any competent person, that the sale would take place or that there would be any injury to the property if an immediate remedy was not afforded. The judge did not issue any nisi, and did not afford the sheriff or Board of Drainage Commissioners a hearing, but immediately upon being presented with the petition signed the following order: "The within application for injunction and receiver coming on to be heard, upon consideration thereof it is hereby ordered as follows: Defendant George M. Walton, as sheriff of Wilkes County, and A. C. Barnett as tax-collector Wilkes County, Georgia, is hereby restrained and enjoined from selling any of the lands referred to in the petition until the further order of this court. It is further ordered and adjudged that Dave Conger be and he is hereby appointed receiver for the Board of Commissioners of Kettle Creek Drainage District, defendant corporation, and is directed to give a bond in the sum of twenty-five hundred ($2500.00) dollars, conditioned upon the faithful performance of his duties and the proper accounting of all funds collected by him. Said receiver is further ordered to take charge of the affairs of said Drainage District, and is vested with all of the powers, rights, and privileges as granted by law to commissioners of said Drainage District. He is hereby directed to collect, receive, and receipt for all unpaid drainage assessments owing by the landowners in said district and to hold said funds subject to the further orders of this court; but it is provided that plaintiffs in this case refund to defendants amounts advanced for advertising the sale sought to be enjoined. Said receiver is further ordered from time to time to make report of his actions to this court, and to apply to this court for such further orders and authority as may be proper or necessary for the full protection of the rights of all parties concerned." *Held*, that this was not a mere setting provided that plaintiffs in this case refund to defendants amounts ad-interim, but was the grant of a temporary injunction and the appointment of a receiver, without a hearing and without sufficient grounds upon which to base the appointment of a receiver without a hearing, and was erroneous. Civil Code (1910), §§ 5478, 5479, 5501; *Shaw* v. *Goodman*, 135 *Ga.* 230 (69 S. E. 173).

*Judgment reversed. All the Justices concur.*

*Irvin & Fortson,* for plaintiffs in error.

