RAY *v.* KINCHEN *et al.*

GILBERT, J.   1. The right of plaintiff to the relief sought is based upon her claim of "virtual" adoption. An oral contract of adoption must be definite and specific, based upon a sufficient legal consideration, and the proof of such contract must be clear, strong and satisfactory. *Lansdell* v. *Lansdell*, 144 *Ga.* 571 (87 S. E. 782) ; *Pair* v. *Pair*, 147 *Ga.* 754 (95 S. E. 295) ; *Bell* v. *Elrod*, 150 *Ga.* 709 (105 S. E. 241). And see *Crum* v. *Fendig*, 157 *Ga.* 528, 530 (121 S. E. 825) ; *Ezell* v. *Mobley*, 160 *Ga.* 872, 876 (129 S. E. 532).

2. On the issue of administration of the estate in a court of equity, the evidence would not support a verdict for the plaintiff. No facts were shown authorizing a court of equity to interfere with the court of ordinary, as prayed.

3. The evidence authorized the verdict. It is at least doubtful whether under the evidence a different verdict would have been authorized. The newly discovered evidence was cumulative, and was not of such character as would probably produce a different result on another trial. None of the grounds of the motion for new trial show error.

                              *Judgment affirmed. All the Justices concur.*

                    No. 6667.   AUGUST 17, 1928.

Equitable petition. Before Judge J. H. Thomas. Telfair superior court. May 5, 1928.

Mary Etta Ray filed suit against Mamie Fleetwood, R. L. Kinchen, and the Bank of Scotland, making in substance the following allegations: Green Fleetwood, deceased, was an uncle of petitioner. When she was a small child Fleetwood took her and agreed to adopt her as his own child. He failed to formally adopt her, but by his acts she was virtually or equitably adopted. He owned certain property at his death, detailed in the petition. Mrs. Mamie Fleetwood is the widow of Green Fleetwood, and together with petitioner inherits his property, she being entitled to one half thereof. Kinchen is seeking to be appointed permanent administrator of the estate of Green Fleetwood, and has taken possession of the property, including a large amount of cash which he has deposited in the Bank of Scotland. Petitioner has filed a caveat in the court of ordinary to Kinchen's application, contending that Kinchen is not a proper person to administer said estate. Mrs. Fleetwood "leaves everything to the said Kinchen, . . who deals in cotton futures, and is a very intemperate man, . . wasteful," and mismanages the estate. Petitioner has no remedy at law, and her loss will be irreparable. The estate should be administered in equity, and petitioner should be allowed to show that she is an adopted daughter of Green Fleetwood. The contract of adoption was made by Green

Fleetwood with plaintiff and her mother, who agreed to said adoption. The prayers were for process; for temporary injunction against all of the defendants; that the estate be administered in equity, and not in the court of ordinary; that Kinchen be enjoined from proceeding further in the court of ordinary, and the bank from paying out any of said moneys until so directed by the court; that Mrs. Fleetwood be enjoined from using any of said estate, except upon order of the court, and Kinchen be enjoined from handling any of it; that a receiver for it be appointed; that a permanent injunction be granted as to the same matters, and that plaintiff be declared an heir and adopted child of Green Fleetwood. The defendants denied all of the material allegations. On the trial there was slight evidence in behalf of plaintiff that Green Fleetwood, at the time of plaintiff's birth, asked her mother to let him name the child, and said he would take her as his own and rear and send her to school and look after her as long as she lived. There was some evidence tending to show that petitioner lived in Fleetwood's home when a child, and before her marriage; but there was no evidence clearly establishing a definite contract of adoption. For the defendants there was evidence from which the jury would have been authorized to find that petitioner had never lived in the home of Green Fleetwood, and had never been treated as his child. Beside the testimony of Mrs. Fleetwood, there was testimony of persons living near her, to the effect that they had never heard of any understanding or contract by which Green Fleetwood was to adopt petitioner, and evidence that petitioner is 50 years old, and was married when she was between 15 and 20 years old. At the time of filing this suit Kinchen had been appointed permanent administrator of the estate of Green Fleetwood. The jury returned a verdict in favor of the defendants. Plaintiff filed a motion for a new trial, which was overruled, and she excepted.

*William B. Kent,* for plaintiff. *W. S. Mann,* for defendants.