JONES *v.* O'NEAL, administrator.

No. 14141. MAY 26, 1942.

52

*Steve M. Watkins* and *Jesse J. Gainey,* for plaintiff.

*J. E. Craigmiles* and *P. C. Andrews,* for defendant.

DUCKWORTH, Justice. The plaintiff's right to recover is based upon her claim of virtual adoption. The petition alleges that there was a contract between petitioner and Rhoda McCree, by the terms of which Rhoda McCree was obligated to adopt petitioner; but the evidence is silent on this question. In *Crawford* v. *Wilson,* 139 *Ga.* 654, 658 (78 S. E. 30, 44 L. R. A. (N. S.) 773), it was said: "So that it is now well established by authority that an agreement to adopt a child, so as to constitute the child an heir at law on the death of the person adopting, performed on the part of the child, is enforceable upon the death of the person adopting the child as to property which is undisposed of by will. Though the death of the promisor may prevent a literal enforcement of the contract, yet equity considers that done which ought to have been done, and as one of the consequences, if the act of adoption had been formally consummated, would be that the child would inherit as an heir of the adopter, equity will enforce the contract by decreeing that the child is entitled to the fruits of a legal adoption." It will be observed from the language above quoted that an essential of the contract is "an agreement to adopt." The relief which equity grants is the equivalent of the benefit the child would have received had the adopter performed his contractual obligation to formally and legally adopt the child. This relief should not be confused with the relief which one may obtain in a suit at law for services rendered in consideration of a promise to give described property. Resort to equity for the latter relief would not be necessary; for a suit at law against the administrator would be a proper remedy. In *Crum* v. *Fendig,* 157 *Ga.* 528 (121 S. E. 825), the petitioner

alleged, that she was the adopted child of the deceased; that she was taken into his home when she was about three years of age, adopted his name, obtained the consent of her adopter to marry; that the adopter at various times represented, contracted and agreed that in the event of his death she would be amply provided for; that he had adopted petitioner as his child; and it was generally known that the papers had been taken out with reference to the adoption. In affirming a judgment sustaining a general demurrer to the petition, it was said: "But virtual or equitable adoption must be founded upon a contract and performance in accordance with the terms of the contract by the person claiming to have been adopted; and no contract is here found." The opinion pointed out that in *Crawford* v. *Wilson,* supra, the contract expressly obligated the adopter to take the petitioner and do unto her as her own child and "to adopt her as such, with all the rights of a child related to her as such by blood." In *Scott* v. *Scott,* 169 *Ga.* 290 (150 S. E. 154), it was said: "The plaintiffs fail to show, by proper allegations in the petition, a contract to adopt, made with any one competent to contract; and the court did not err in sustaining the general demurrer." To the same effect, see *Ray* v. *Kinchen,* 166 *Ga.* 788 (144 S. E. 317). The evidence being wholly lacking in this essential respect, it did not authorize a grant of any of the relief sought by petitioner, and the defendant was entitled to a judgment of nonsuit. *Judgment affirmed. All the Justices concur.*