WILLS *et al.* v. MANNING *et al.*

REID, Chief Justice. 1. When the judgment of a trial court overruling a demurrer to a declaration is reversed by this court, the plaintiff has the right to offer an amendment to the declaration at any time before the

order is passed making the judgment of this court the judgment of the trial court. *Savannah, Florida & Western Railway Co.* v. *Chaney,* 102 *Ga.* 814 (30 S. E. 437) ; *Cooper* v. *Portner Brewing Co.,* 113 *Ga.* 1 (38 S. E. 347) ; *Milton* v. *Milton,* 195 *Ga.* 130 (23 S. E. 2d, 411). But "This court can not consider an amendment to a petition, which was offered, not only after the judgment of this court reversing the judgment of the trial court overruling a general demurrer to the petition was made the judgment of the trial court, but at a subsequent term." *Stanley* v. *Laurens County Board of Education,* 188 *Ga.* 581, 582 (4 S. E. 2d, 164), and cit.

2. The court did not err in sustaining the demurrer to the petition, which sought at a subsequent term to set aside the judgment of that court on the remittitur from this court.

A contrary ruling is not required by the decision in *Sammons* v. *Nabers,* 186 *Ga.* 161, 162 (197 S. E. 284), where this court held that "where the remittitur was made the judgment of the superior court at chambers in another county and in vacation, without notice to the plaintiffs or their counsel and without any previous order in term as to such a hearing, and where the plaintiffs at the first term thereafter . . filed a motion to set aside the judgment on these grounds, the court did not err in granting the motion by an order passed in open court."

*Judgment affirmed. All the Justices concur.*

BELL, P. J., concurs in the judgment only.

No. 14379. JANUARY 12, 1943. REHEARING DENIED FEBRUARY 12, 1943.

338

*Mildred L. Kingloff* and *Jackson L. Barwick,* for plaintiffs.
*G. H. Howard, G. B. Walker, H. E. Edwards,* and *E. L. Reagan, assistant attorney-general,* for defendants.