WARE, administrator, *v.* MARTIN.

No. 17300. JANUARY 8, 1951. REHEARING DENIED FEBRUARY 15, 1951.

*L. C. Groves* and *Colley & Orr,* for plaintiff in error.
*Earle Norman,* contra.

CANDLER, Justice. Mrs. Tinie Keeter Martin brought an equitable suit in the Superior Court of Lincoln County against Walter N. Ware as administrator of the estate of C. E. Keeter, deceased. She prayed for process; that she be declared to be a child of C. E. Keeter and, consequently, one of his heirs at law; that the defendant be required to turn over and pay to her, as an heir at law of the deceased, one-third of his net estate; and that she be granted general relief. Briefly, her petition in substance alleges: C. E. Keeter died intestate. Walter N. Ware was appointed administrator of his estate, and is now acting as such. The estate, consisting of both real and personal property, is valued at more than $100,000. He left, as his sole and only heirs at law, Mrs. C. E. Keeter, his widow; Mrs. Gladice Keeter Ware, a daughter by his first wife; and the petitioner, his adopt-

ed daughter. The defendant has entirely ignored the petitioner as an heir at law of his intestate, and has failed and refused to account to and settle with her as such for her distributive share in the decedent's estate. It was also alleged: that the petitioner's parents gave her to C. E. Keeter and his wife when she was about two years old; that the parents relinquished to them at that time all right or claim to her as their child, with the understanding and agreement that C. E. Keeter and his wife would adopt her as their child; that she fully performed every duty resting upon her as a daughter of Mr. and Mrs. Keeter until they both died; and that they fully performed every obligation resting upon them as the father and mother of the petitioner. It was further alleged that the petitioner has no adequate remedy at law. There are also other allegations in the petition relating to the estate of Mrs. C. E. Keeter, deceased, and to the petitioner's right, as an heir at law of her, to participate in a disbursement thereof. General and special demurrers to the petition were overruled. The defendant excepted pendente lite, and error is properly assigned upon the ruling therein complained of. All allegations of the petition concerning the estate of Mrs. C. E. Keeter were eliminated by the court during the trial, and the case as submitted to the jury related only to the estate of C. E. Keeter. The jury found that the petitioner was entitled to all of the relief prayed for against the administrator of C. E. Keeter's estate, and a decree was entered accordingly. The defendant's amended motion for a new trial was overruled and error is also assigned on that judgment.

■ The court erred in overruling the general demurrer to the petition, which prayed only for equitable relief, and that is true for these reasons:

(a) The relief which equity grants in cases of virtual adoption is the equivalent of the benefit the child would have received had the adopter performed his contractual obligation to adopt formally and legally the child involved. *Crawford v. Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L.R.A. (N.S.) 773); *Jones v. O'Neal*, 194 *Ga.* 49 (20 S. E. 2d, 585). Indisputably, a breach of an agreement to legally adopt the child of another is an essential to the right of the child to maintain an equitable action for the fruits resulting from virtual adoption; this being so, a

breach of the contract relied upon must necessarily be pleaded and proven. *Groover* v. *Simmons,* 163 *Ga.* 778, 780 (137 S. E. 237). In the instant case, it affirmatively appears from the allegations of the petition that the plaintiff is an adopted daughter of the defendant's intestate. Consequently, the present suit can not be construed and treated as a proceeding brought in equity for the purpose of establishing the plaintiff's right—resulting from virtual adoption—to take the equivalent of a child's distributive share in the estate of the defendant's intestate; but, to the contrary, it must be construed and dealt with, under the rule of strict construction against the pleader, as one alleging the relation of foster parent and child resulting from legal adoption. Compare *Toler* v. *Goodin,* 200 *Ga.* 527 (37 S. E. 2d, 609), where this court by a divided bench held that the allegations of the petition were sufficient to show virtual adoption as a result of the adopter's non-compliance with the agreement to adopt the child there in question.

(b) Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law. Code, § 37-120; *Dunahoo* v. *Dunahoo,* 181 *Ga.* 494 (182 S. E. 848).

(c) As a general rule, a court of equity will not interfere with the regular administration of an estate by the representative; and to authorize such interference, the pleaded facts must clearly show that there is good reason for doing so. Code, § 37-403; *Griner* v. *Wilson,* 181 *Ga.* 432 (182 S. E. 592).

(d) Equity will not interfere to require an accounting and settlement of an administrator, at the instance of a party claiming an interest in the estate of his intestate, unless there is a clear case of imminent danger of loss or injury to him. *Powell* v. *Quinn,* 49 *Ga.* 523; *Evans* v. *Pennington,* 177 *Ga.* 56 (2) (169 S. E. 349). And, without more, an allegation that the administrator of an estate has refused to recognize an adopted daughter as an heir at law of his intestate, and has failed to account to and settle with her as such for her distributive share in the estate, is insufficient to show such "imminent danger of loss or injury" to her.

(e) Legally adopted children inherit from the foster parent as natural children. Ga. L. 1941, p. 300; Code (Ann. Supp.),

§ 74-414. In the present case, it is affirmatively alleged that the plaintiff is an heir at law of the defendant's intestate and entitled to a child's distributable share from his estate because she is "an adopted daughter." Such an allegation will be taken to mean that she is a legally adopted daughter and, as a result thereof, an heir at law of the adopting father. *Gorman* v. *Sherrod,* 154 *Ga.* 766 (115 S. E. 259).

(f) Treating the allegations of the petition as true—which we must do for all purposes of the demurrer—the plaintiff, as a legally adopted child of the defendant's intestate, is afforded an adequate and complete remedy at law, under the provisions of Code, § 113-2201, for all of the relief here sought. Accordingly, there was no necessity for a resort to a court of equity.

■ The second headnote does not require elaboration.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., and Wyatt, J., who dissent.*