WARE, administrator, *v.* MARTIN.

ALMAND, Justice. Tinie Keeter Martin filed an equitable petition against Walter N. Ware, the duly appointed administrator of the estate of C. E. Keeter, deceased, in which she alleged that she was the adopted child of Mr. and Mrs. Keeter, deceased, and that said administrator refused to carry out the obligations of the contract of adoption by said Mr. and Mrs. Keeter, and that the administrator should be required to deliver over to her her part of said estate. The defendant filed general demurrers to the petition, one of the grounds being that the petition did not set out any matter or thing for equitable jurisdiction, because, under the allegations as made, she was not entitled to the equitable relief prayed for. The general demurrers were overruled, and on appeal to this court that judgment was reversed. *Ware* v. *Martin*, 207 *Ga.* 512 (63 S. E. 2d, 335). This court held that the trial court had erred in overruling the general demurrer, on the ground that, under the allegations of the petition, the plaintiff alleged the relation of foster parents and child resulting from legal adoption, and that the allegations were insufficient as one seeking equitable relief as in cases of virtual adoption; and further, that to sustain the petition as an equitable action for the breach of an agreement to legally adopt the child, it was necessary that the petition allege a breach of the contract relied on, and for these reasons the petition showed that the plaintiff had an adequate remedy at law. The decision of this court was rendered on January 8, 1951, and thereafter the plaintiff's motion for a rehearing was denied on February 15, 1951, and the remittitur was filed in the Clerk's office of the Superior Court of Lincoln County on February 21, 1951, and made the judgment of the trial court on April 23, 1951. On January 22, 1951, while the motion for rehearing was pending in this court, the plaintiff tendered an amendment in the trial court to her petition, which was allowed subject to objection and demurrer. The same was filed in the trial court on January 22, 1951. This amendment in substance alleged that Mr. and Mrs. C. E. Keeter had contracted jointly to adopt the plaintiff as their own child, and that there was a virtual though not a statutory adoption, which was acted upon and recognized by all the parties concerned throughout the years and during the entire lifetime of Mr. and Mrs. Keeter, and be-

cause Mr. and Mrs. Keeter did not actually adopt the plaintiff as they agreed to, the suit based upon virtual adoption was brought in a court of equity. On April 26, 1951, the defendant filed a written plea in abatement and asked that the action be abated and dismissed, on the ground that the judgment of the Supreme Court reversing the trial court in overruling the general demurrer became the law of the case, and that the matters as raised in the original petition and amendment filed on January 21, 1951, were res adjudicata. On the same date, the defendant filed a written motion to refuse, strike, and dismiss the amendment, on the grounds (a) that at the time the amendment was allowed, the trial court had no jurisdiction to allow such amendment, because the said cause was pending on motion for rehearing in the Supreme Court; (b) because the same sets up an entirely new and distinct cause of action; (c) that the petition as originally filed did not contain sufficient allegations to authorize the petition to be amended; (d) the amendment fails to allege why the matters set out in the amendment were omitted from the original petition, or why they could not have been alleged in the original petition. On April 26, 1951, the court entered an order striking and dismissing the plea in abatement, and entered an order overruling the motion to strike the amendment. The case is here on a bill of exceptions seeking a review of these orders. *Held*:

1. Where this court, on the review of an order of the trial court overruling general demurrers of the defendant, enters its judgment reversing the judgment of the trial court, such judgment without further action by the trial court does not amount to a final termination of the case, but simply leaves the case in the lower court in the same situation as it was before the trial court passed the order overruling the demurrers. Where the plaintiff, before the remittitur from this court is filed in the trial court, tenders an amendment to the petition, which is allowed filed subject to objections, the original cause is still a pending cause, and the fact that the judgment of the Supreme Court was adverse to the plaintiff does not afford any basis upon which the defendant can assert by plea in abatement that the issues are res adjudicata by reason of the judgment of this court. See *Savannah &c. Ry. Co. v. Smith,* 93 *Ga.* 742 (21 S. E. 157); *Moore v. Gregory,* 72 *Ga. App.* 614 (34 S. E. 2d, 624).

2. Where the trial court enters an order overruling a general demurrer to an equitable petition, and such judgment is reversed by this court because of the omission from the petition of certain essential averments, the plaintiff is entitled to an opportunity to meet such defects by amendment before the petition becomes finally dismissed by an order making the judgment of this court the judgment of the trial court. *Savannah &c. Ry. Co. v. Chaney,* 102 *Ga.* 814 (30 S. E. 437); *Sammons v. Nabers,* 186 *Ga.* 161 (197 S. E. 284); *Willis v. Manning,* 195 *Ga.* 336 (24 S. E. 2d, 194).

3. The plaintiff in such a situation has a right to tender an amendment, and the trial court has the power, before the remittitur is transmitted by the clerk of this court to the clerk of the trial court, to allow such amendment. *Jackson v. Security Insurance Co.,* 177 *Ga.* 631 (170 S. E. 787). The trial court did not lose its jurisdiction of the cause pending

a review of its judgment overruling the general demurrers to the petition. The cause remains a pending case, subject to amendment, until the remittitur from this court reversing the trial court is made the judgment of the latter court. *Bandy Bros.* v. *Norton Frierson's Sons,* 138 *Ga.* 515 (1) (75 S. E. 626); *Armstrong* v. *American National Bank,* 144 *Ga.* 245 (1) (86 S. E. 1087); *City of Cedartown* v. *Pickett,* 194 *Ga.* 508 (2) (22 S. E. 2d, 318). The instant case does not fall within the rule announced in *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325, that, while the case was pending in this court further action by the trial court was void, for the reason that in the *Howard* case a supersedeas was granted in the trial court, and that of itself stayed further action in the trial court. Nor are the cases of *Board of Commissioners of Kettle Creek Drainage District* v. *Municipal Securities Corp. of Chicago,* 161 *Ga.* 634 (131 S. E. 495), *Pryor* v. *Pryor,* 164 *Ga.* 7 (137 S. E. 567), and *Smalling* v. *Cox,* 173 *Ga.* 192 (159 S. E. 663), applicable to the facts of this case, because reference to those cases will disclose that exception was taken either to a final decree, or in a case where a supersedeas had stayed further action pending the appeal.

4. The plaintiff in an action pending in the superior court, whether at law or in equity, may at any stage of the cause, as a matter of right, amend his pleadings in all respects, whether as a matter of form or substance, provided there is enough in the pleadings to amend by. Code, § 81-1301. The proper test is whether the declaration is sufficient to amend by, and requires a consideration of (a) the declaration, (b) the law relating to that action, and (c) the offered amendment must "span the chasm between the declaration and the requirements of the law." *Owens* v. *Owens,* 190 *Ga.* 191, 193 (8 S. E. 2d, 644); *Robertson* v. *Robertson,* 196 *Ga.* 517 (26 S. E. 2d, 922).

5. In this case when it was previously before us, the petition was construed to allege that the plaintiff was the legally adopted child of Mr. and Mrs. Keeter, and to fail to allege that she was a child by virtual adoption, and also that the petition failed to allege that there had been a breach of the contract of adoption relied upon; and that the petition, thus disclosing that the plaintiff had an adequate remedy at law to enforce her rights as a legally adopted child, did not state a cause of action for equitable relief based on virtual adoption. Reference to the allegations of the amendment, which are set out above, discloses that the plaintiff was seeking to remedy the deficiencies of her original petition, by alleging that she was the child of the parties by a virtual adoption, and that the parties did breach their agreement to adopt her. It cannot be said that this amendment seeks to set out a new cause of action, but the petition as amended states an equitable cause of action on the basis of the plaintiff being the child of the deceased parties by virtual adoption, and a breach of the agreement to adopt. *Crawford* v. *Wilson,* 139 *Ga.* 654 (1) (78 S. E. 30, 44 L.R.A. (N. S.) 773); *Jones* v. *O'Neal,* 194 *Ga.* 49 (20 S. E. 2d, 585); *Toler* v. *Goodin,* 200 *Ga.* 527 (37 S. E. 2d, 609).

6. The trial court did not err in dismissing the defendant's plea in abatement, nor in overruling the defendant's objections to the plaintiff's amendment.

*Judgment affirmed. All the Justices concur.*

No. 17529. Submitted July 9, 1951—Decided September 11, 1951.

*L. C. Groves, Clement E. Sutton,* and *Colley & Orr,* for plaintiff in error.

*Earle Norman,* contra.