21192. DYE *et al.* v. GHANN *et al.*
21193. GHANN v. DYE, Administrator, *et al.*

Argued March 13, 1961—Decided April 6, 1961.

*Walton Hardin,* for plaintiffs in error.
*Randall Evans, Jr., J. Cecil Davis, W. Tom Veazey,* contra.
MOBLEY, Justice.   We first pass upon the objection raised

by the cross-bill to allowing the plaintiffs in error in the main bill of exceptions to be made parties defendant and to assist in the defense of the suit.

Upon the call of the case for trial, certain persons, averring themselves to be heirs at law of Edward Buford Dye, made an oral motion through their counsel that they be named and included as parties defendant to assist in defending the action. Petitioner's counsel objected to the motion on the ground that such a motion had to be in writing, and that such persons had not filed written pleadings seeking to be named as parties defendant in the case. Neither the administrator nor his counsel offered any objection to the motion. The plaintiff's objection was overruled, the moving parties were allowed to enter the case as defendants, and the case proceeded to trial, resulting in a verdict for the plaintiff. On October 12, 1960, some five or six days after the trial had been completed, the trial judge entered an order nunc pro tunc naming as defendants to the case the plaintiffs in error in the main bill of exceptions.

"It is a well-settled rule that all persons who are interested in the result of litigation should be made parties, either plaintiff or defendant, to proceedings for equitable relief. *Code* § 37-1004; *Henderson v. Napier,* 107 Ga. 342, 344 (33 S. E. 433). By numerous decisions of this court it has been held that all persons who are directly or consequentially interested in the event of the suit should be made parties. *Blaisdell v. Bohr,* 68 Ga. 56 (3) ; *Henderson v. Napier,* supra; *Bond v. Hunt,* 135 Ga. 733 (70 S. E. 572); *First National Bank of Sparta v. Wiley,* 150 Ga. 759 (2) (105 S. E. 308)." *Saliba v. Saliba,* 202 Ga. 279, 286 (42 S. E. 2d 748). In the *Henderson* case, cited above, this court stated: "Where equitable proceedings are instituted which pray for relief touching rights and interests of the petitioners in certain specific property, and the petition discloses the fact that others are directly interested in the property, who are not made parties to the proceedings, and whose interests would be affected by a grant of the relief sought, such other persons are proper and necessary parties to the action." See also *Tison v. Tison,* 12 Ga. 208 (2).

In the instant case, the petition sets forth the names of numer-

ous persons and alleges that such persons were all of the heirs at law of Edward Buford Dye. It also alleges certain facts which the plaintiff contends show that she is an heir at law of Edward Buford Dye, and prays that she be adjudicated to be an heir and entitled to a one-twelfth undivided interest in his estate. It is apparent that the heirs at law of Edward Buford Dye would be directly interested and affected by a judgment granting plaintiff the relief for which she prayed, and that they are proper parties to the action.

It has been held that, under the provisions of *Code* § 3-404, governing the procedure for making parties, a trial court, in its discretion, may issue and serve a rule nisi upon a person present in court, calling upon such person to show cause why he should not be made a party to a case then on trial, and may make such person a party to the case instanter. *Davis v. Freeman,* 190 Ga. 833 (10 S. E. 2d 847).

Where, as here, the persons seeking to be added as defendants to the case are present in court and a showing is made that they are proper parties to the suit, and where they make an oral motion to be added as parties defendant, and the only objection made is on the ground that their motion should be in writing, the trial judge does not abuse his discretion in overruling such objection and in making them parties defendant to the action, and in thereafter entering an order nunc pro tunc naming such persons as defendants.

■ Having decided that it was not error to permit the plaintiffs in error in the main bill to be named as parties defendant, we pass now to a consideration of the first assignment of error raised by the main bill of exceptions. After the objection to adding the plaintiffs in error as parties defendant had been overruled, and after a jury had been selected, counsel for the plaintiffs in error made a motion to strike the petition, in the nature of a general demurrer. The motion was denied and the case proceeded to trial. In denying such motion the trial court erred.

The amended petition alleged that the plaintiff was the virtually adopted child of Gordon Dye, deceased. "The authorities very generally establish the proposition that a parol obligation

by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by both parties during the obligor's life, may be enforced, upon the death of the obligor, by adjudging the child entitled as a child to the property of the obligor who dies without disposing of his property by will. . . So that it is now well established by authority that an agreement to adopt a child, so as to constitute the child an heir at law on the death of the person adopting, performed on the part of the child, is enforceable upon the death of the person adopting the child as to property which is undisposed of by will. Though the death of the promisor may prevent a literal enforcement of the contract, yet equity considers that done which ought to have been done, and as one of the consequences, if the act of adoption had been formally consummated, would be that the child would inherit as an heir of the adopter, equity will enforce the contract by decreeing that the child is entitled to the fruits of a legal adoption." *Crawford v. Wilson*, 139 Ga. 654, 658 (78 S. E. 30, 44 L. R. A. (NS) 773). "The relief which equity grants in cases of virtual adoption is the equivalent of the benefit the child would have received had the adopter performed his contractual obligation to adopt formally and legally the child involved." *Ware v. Martin*, 207 Ga. 512 (63 S. E. 2d 335); *Baker v. Henderson*, 208 Ga. 698 (69 S. E. 2d 278); *Jones v. O'Neal*, 194 Ga. 49 (20 S. E. 2d 585).

It therefore becomes necessary to determine what benefit the plaintiff would have received as respects the matters involved in the instant suit had Gordon Dye fulfilled his alleged agreement to legally adopt her. The amended petition alleges that Gordon Dye died in 1932, and therefore the status of the plaintiff with respect to her rights of inheritance must be determined with reference to the adoption statutes in force after the alleged promise to adopt was made and before the death of Gordon Dye, the promisor, occurred. The time of making the alleged agreement between the plaintiff's mother and Gordon Dye is not definitely fixed by the petition. However, it appears positively that the agreement was made at some time after the close of World War I and the date of Gordon Dye's death. The statute law of force during said period of time which pertains to an adopted child's

right of inheritance is contained in section 74-404 of the 1933 Code of Georgia. That section is as follows: "Upon the first hearing the court may pass an order only granting temporary custody of the child to the petitioner. Final adoption shall be granted only upon a second hearing after the child shall have been in the custody and care of the petitioner for a period of six months. The decree of adoption shall declare the said child to be the adopted child of the petitioner and capable of inheriting his estate, and also what shall be the name of such child. Thenceforward the relation between such person and the adopted child shall be, as to their legal rights and liabilities, the relation of parent and child, except that the adopting father shall never inherit from the child. To all other persons the adopted child shall stand as if no such act of adoption had been taken." The last sentence of the Code section is determinative of the plaintiff's rights to inherit, as an heir, any portion of the estate of Gordon Dye's brother. It is clearly stated that as to all other persons (and the brother of Gordon Dye would be included within such classification) "the adopted child shall stand as if no such act of adoption had been taken." As far as the rules of descent and distribution are concerned, if the plaintiff had been legally adopted by Gordon Dye she would stand no more closely related to Gordon Dye's brother than she would if no adoption had taken place.

Counsel for the plaintiff has cited no case to this court, and we have found none, where an adopted child, under the above statute, has been held entitled as an heir to inherit, or share in inheriting, the estate of blood relatives of the adopting parents. The case of *Alexander v. Lamar*, 188 Ga. 273 (3 S. E. 2d 656, 123 A. L. R. 1032), does not support the position taken by the plaintiff, but to the contrary strongly supports the decision rendered here. There the natural mother of the child sought to enforce a contract of virtual adoption where the alleged adoptive mother died intestate and the child later died also, the natural mother contending that she was the heir of her natural child and entitled to inherit, through him, a share of the estate of the alleged adoptive mother. In rejecting the contention of the natural mother, this court held that, under the statute, an order of adop-

tion had the effect of substituting the adopting parents in the place of the natural parents. In so holding, it was stated: "Thus the statute does not attempt to force the adopted child on others than the adopting parents as an heir, nor does it deprive the child of its kindred other than its natural parents. As we have already said, we think that the entire purpose and meaning of the statute was merely to substitute the adopting parents for the natural parents, and to affect the rights of no other persons." *Alexander v. Lamar*, supra, p. 278.

The cases of *Shelton v. Wright*, 25 Ga. 636, and *Pace v. Klink*, 51 Ga. 220, relied upon by the plaintiff, are inapplicable to the present case. Both of those cases involved instances where a child had been legitimated by a special act of the legislature, such acts being passed prior to the adoption statutes which are controlling in the instant case. Likewise inapplicable here are cases decided by this court subsequently to the enactment of the adoption statute of 1941 (Ga. L. 1941, p. 300), which repealed the adoption statutes determinative herein.

The petitioner is not entitled to share as an heir at law in the estate of Edward Buford Dye, for the reasons given hereinabove, and it was error to deny the motion to strike the petition in the nature of a general demurrer. All further proceedings in the case thereafter were nugatory.

*Judgment reversed on the main bill of exceptions; and the ruling excepted to in the cross-bill as decided in division 1 of the opinion is affirmed. All other assignments of error are dismissed. All the Justices concur.*