## CHASTAIN *vs.* SMITH *et al.*

1. Where one person agrees, as agent, to buy land for another as his principal, and does buy it, but takes the title in his own name, this title in his hands stands affected with a resulting trust for the benefit of the principal by operation of law, and the case is not within the Statute of Frauds, resulting trusts being expressly excepted from the operation of the statute.

2. Equity will decree the whole performance of an agreement which is within the Statute of Frauds, whenever there has been such a part performance as that the whole performance is necessary to prevent a fraud ; and the whole performance is necessary to prevent a fraud in a case where the parties have proceeded so far on the faith of the agreement, that they can not be restored to their *statu quo* nor adequately compensated in damages, by avoiding the agreement and leaving them to their action for damages.

In Equity, in Fannin Superior Court. Tried before Judge RICE, at October Term, 1859.

This was a bill by Elijah W. Chastain, against Jacob Smith, Henry Smith and George Smith, to compel the specific execution of an agreement relating to the sale and division of a lot of land, situated in the county of Fannin.

The bill alleges, in substance, that complainant and defendants entered into a parol agreement to purchase of one Lovingood, a certain lot of land adjoining complainant, and that whichever party should actually buy the land from Lovingood, the same should afterwards be divided so as to give to complainant a certain part adjoining him, designated by certain lines and courses, etc.; and that for the portion thus received by complainant, he was to pay the sum of $75 00.

The bill alleges that the Smiths negotiated the sale with Lovingood, and agreed to give him four hundred dollars for the lot, and that they made valuable improvements on it, but Lovingood refused to carry out the agreement, and they filed their bill against him to enjoin his action of ejectment and to compel him to execute titles agreeably to their agreement. That they succeeded in their bill, and obtained a decree requiring and compelling Lovingood to make titles upon the payment by the Smiths of *five* hundred dollars. Complainant alleges that, being admitted to practice as an attorney at law, soon after this litigation commenced, he rendered val-

Chastain *vs.* Smith *et al.*

uable services to the Smiths as an attorney and solicitor in said equity cause, and for which he made no charge, being personally interested in and benefited by said decree as a part owner of the land thus recovered, and his services being by agreement a part of his contribution towards the cause; that his services were worth seventy-five dollars. That defendants, although they have received titles under said decree from Lovingood for said land, refuse to comply with the terms of said agreement, and to make to complainant titles for his portion of said land, and absolutely deny his right to any part thereof. Complainant offers to pay his proportion of the purchase money, and prays that defendants be compelled to execute titles to him for that portion of the lot which by said agreement he was to have.

The case was heard upon bill and answers, and proofs.

The Court charged the jury, among other things, that such part performance of this agreement as would entitle complainant to its specific execution, must be possession of the premises, payment of the purchase money, and the making of valuable improvements. To which charge complainant excepted.

There were other rulings and charges in the case to which complainant excepted, but as the judgment of the Court below is reversed upon the ground of error in the above stated charge, it is unnecessary to insert others upon which no opinion was pronounced.

The jury found for the defendants, and complainant tenders his bill of exceptions, etc.

WM. PHILLIPS, for D. A. WALKER, for plaintiff in error.

WM. MARTIN, by EZZARD, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The only question presented in this case, is : whether or not the Statute of Frauds is in the way of the specific performance prayed by Mr. Chastain.

1. In the first place, this case was never within the Statute of Frauds. The substance of the agreement, so far as that particular part of the land to which Mr. Chastain seeks a title is concerned, is that the Smiths would, *as his agent, buy it for him.* They did, in fact, buy it, but took a title to themselves. This title in their hands, was immediately af-

Chastain *vs.* Smith *et al.*

fected with a resulting trust for his benefit by operation at law. Now, a trust raised, or resulting by operation of law, is expressly excepted from the operation of the statute, and this case, therefore, was not within the statute from the beginning.

2. In the second place, even if the agreement had, at first, been within the statute, we think it was error in the Judge to instruct the jury that the only part performance which could take it out of the statute, was possession of the land delivered to Chastain *and* the purchase money paid by him, *and* improvements made on it by him ; all done in pursuance, and upon the faith of the agreement. Now, the case made by Mr. Chastain was, that in pursuance and upon the faith of the agreement, he had contributed his professional services, worth seventy-five dollars, towards the acquisition of the title which the Smiths got, and that they were *insolvent*, having nothing out of which to compensate him for those services, except only this very land which they were claiming to hold exempt from sale under execution, by virtue of the statute which allows a defendant in execution to hold a certain quantity of land exempt from sale. That is to say, the case is, that they having already received the benefit of his services, and being both unable and unwilling to pay him for them in money, now ask to be protected from their contract to turn over to him the fruit of those services, upon the ground that the contract was not in writing. This would be to convert the statute, which was intended to prevent fraud, into an instrument of fraud. Whenever there has been such a part performance as that the whole performance becomes necessary to prevent a fraud, equity will decree the whole performance; and whenever the parties can not be restored to their *statu quo*, nor adequately compensated in damages by avoiding the contract and turning them over to their action for damages, it would be a fraud to refuse to execute the contract, and equity will order it executed. Such would be the result of a refusal in this case. Mr. Chastain's action for damages would be fruitless, because the Smiths are insolvent ; and the only possible mode of preventing them from making a fraudulent appropriation of his services without paying him for them, is by compelling them to execute the agreement on the faith of which the services were rendered.

Judgment reversed.