TrippE, Judge.
Where a contract for the sale of land is in writing, is certain and fair in all its parts, is for an adequate consideration, and capable of being performed, it is just as much a matter of course for a Court of equity to decree a specific performance of it as it is for a Court of law to give damages for the breach of a contract: 20 Ga., 142; Hilliard on Vendors, 433, (2d edition.)
It is true that in the case of Chance vs. Beall, 20 Georgia, 142, the application for specific performance was made by the vendee. But this right must be reciprocal: Hilliard on Vendors, 433, 434, note (a.) It is further true that specific performance will not, in all cases, be decreed in favor of a vendor where there is only a parol contract, even though the contract be satisfactorily proved. In Buckmaster vs. Harrass, 7 Vesey, 341, the Master of the Rolls, Sir William Grant, says: “The vendor had no prejudice. He had done nothing to say the non-execution was a fraud on him. Had he let Barlow into possession, that would be an act by which he might have had a prejudice. I am aware *300 there are cases that acts done by the defendant can be made a ground for compelling him to perform the agreement, but it is difficult to bring these cases to bear; for what do such acts amount to when there is no prejudice to the plaintiff? Only to proof of the existence of the agreement. But the Court does not profess to execute a parol agreement merely because it is satisfactorily proved.” This is the rule in cases of parol contracts. Even in these, the law *goes far in decreeing a specific performance in favor of' the vendor where there has been part performance and he has had a prejudice. But here there was a contract in writing, signed by both the parties, and the vendor had executed what he had agreed therein to do, to-wit: erected a ten rail fence around the whole of the land.
Section 3130 of the Code says specific performance will be decreed generally whenever the damages recoverable at law would not be an adequate compensation for the non-performance. This does not mean that, in no case, whether the contract be in parol or in writing, shall there be specific performance decreed if adequate compensation can be had by way of damages at law. In section 3132, in the case of personal property, the question is left to the jury in certain cases, whether they will decree damages or specific delivery. But in written contracts for land, where they are certain, fair and capable of being performed, equity will decree their performance: Story’s Eq. Ju., sec. 746; Hilliard on Vendors, 421; Ibid., 454.
This land is in the State of Alabama. The vendor has done much work under the contract, and changed the condition of the land, using largely of the timber in so doing; has, by the contract, the right to use certain timbers on the land for a term of years, with the right of way for that purpose; he cannot, under the provisions of the law of Georgia, recover judgment for the debt, file a deed and sell the land, and it would be inequitable to allow the defendant to repudiate the written agreement and compel the vendor to resort to law for damages.
Judgment reversed.