ISAAC A. HAISTEN, plaintiff in error, *vs.* SAVANNAH, GRIFFIN AND NORTH ALABAMA RAILROAD COMPANY, defendant in errror.

Where a bill was filed for the specific performance of a contract, not in writing, alleging that the officers of a certain railroad company, in consideration that the plaintiff would consent that the road should run through his land, without charge against the company for the right of way or for damages, if the company would erect a depot on plaintiff's land and make it one of its stations, and setting forth that the road had been built, and that plaintiff had not claimed or recovered anything for the right of way or for his damages:

*Held*, that there was no such part performance of the contract by either party as authorized a specific performance of this agreement, not in writing, in relation to lands or an interest therein.

Specific performance. Statute of frauds. Before Judge BUCHANAN. Fayette Superior Court. October Term, 1873.

Haisten made by his bill, in brief, this case: In the year 1859, he owned lands in the county of Fayette, which were of great value for cultivation. The Savannah, Griffin and North Alabama Railroad Company was desirous of securing the right of way for its road through said property. On account of the amount of land which would be thus appropriated, and of the long lines of fencing which he would be compelled to build, he refused to convey to the defendant the right of way for any money consideration. Miles G. Dobbins, the president of said company, in his official capacity, then proposed that if the complainant would comply with his request that the defendant would build a depot on said land for his use and that of the neighborhood. Complainant, thus induced, consented to allow the defendant the right of way, in consideration that it would build the aforesaid depot and the necessary stock-gaps. Under this agreement the defendant constructed its road, appropriating land, cutting down timber and rendering the construction of fences necessary, to the damage of complainant $2,500 00. All of this he would have been willing to have lost, had he derived the benefits of a depot. Had the contract of the defendant been complied with, the value of his lands would have been greatly enhanced, and he would have been saved an immense amount of inconvenience. The damages thus sustained and still being incurred are inestimable and irreparable at law. His only remedy is by compelling a specific performance of the contract on the part of the defendant. Prays that the defendant may be compelled to perform its contract by the erection of the depot, etc. The bill alleges no written agreement upon the subject of said right of way and erection of a depot. On demurrer the bill was dismissed, and complainant excepted.

D. N. MARTIN; R. T. DORSEY, for plaintiff in error.

SPEER & STEWART, by R. H. CLARK, for defendant.

McCay, Judge.

If the contract set up by the complainant were in writing we are not prepared to say that equity would not decree a specific performance of it.   The damages are so difficult to estimate with any approach to certainty that true equity would require a specific performance.   The case in 32 *Georgia*, 550, stood on peculiar facts, since the defendant would only be called on to act when the plaintiff had freight ready, and there might be difficulty in enforcing the decree for that reason.   But every decree for specific performance of an undertaking to do a continuous act, is subject to the objection, that the matter is never final.   Nevertheless the judgment is final, and attachment for contempt in failing or refusing to obey it is always in the power of the court.   But this contract is not in writing; it concerns an interest in land.   The right of way on one side and an easement on that right of way on the other, and by the statute of frauds it can only be proven by a writing signed by the party to be charged.   It is contended, in reply, that the contract has been performed on the part of the complainant, and that equity, to prevent the statute from being used as an instrument of fraud, will decree a specific performance of it, though it be only in parol.

The real question therefore, is, has there been a part or entire performance by the complainant.   He alleges that he put the defendants into possession, or rather, that they went into possession, with this understanding and in pursuance of this contract.   But the fact is that they were authorized by their charter to take possession.   They had a right already in existence at the date of the contract, to take the right of way as they took it, on payment of just compensation.   The complainant had no right to fix the route the road would take in passing through his land.   They might run through one part of it or another, along the line or through the middle.   That was a matter exclusively for the determination of the railroad company, and the consequence of one route or another was to increase or lessen the damages.   At last the contract set up is

simply a substitute for, or a mode of, fixing the compensation. They would have gone into the possession of the right of way whether this contract was made or not. They did not take possession by virtue of and by reason of this contract.

A court of equity interferes to decree the specific performance of a parol contract void by the statute of frauds, only and solely because the parties have so far acted upon and by virtue of the contract, as that it would be a fraud to permit the defendant to repudiate it. If the *contract* be so far executed by the party seeking relief and at the instance or by the inducements of the other party, that if the contract be abandoned the party acting cannot be restored to his former position, equity will interfere. Full payment alone, accepted by the vendor, or partial payment, accompanied with possession, or possession alone, with valuable improvements, if clearly proven in each case to be done *with reference to the parol contract,* will be a sufficient part performance to justify the decree: Code, 3187. These apt words of our Code contain the doctrine in a nut shell. The party seeking relief must have acted in some material matter by virtue of and by reason of the contract, must have put himself in a new position, so that he cannot be returned to his former position.

What has the plaintiff done here? He has simply stood by and permitted the railroad company to appropriate his land without moving to have his damages assessed. He has done no act, put himself in no new position. The company has simply done what it had a right to do, and the plaintiff stands just where he would have stood had the parol contract, as to the mode of compensation, never been made. He can *now* proceed to have his damages assessed as he could have done then. He has given up nothing. He is now attempting to charge the right of way with a burden the charter does not cast upon it, and that burden is an interest in the land, a duty to put up on the right of way a depot, and use a particular part of the right of way as a place for receiving and delivering freight and passengers. For these reasons we think the demurrer was properly sustained. Judgment affirmed.