## PIERCE *v.* FELTS, executor.

HILL, J. There was an application to the court of ordinary to probate the will of Amanda J. Gallaher. A caveat was filed by one of the heirs at law. The plaintiff in error sought to intervene, and filed a petition alleging substantially the following: He had purchased certain land, some time after the death of Amanda J. Gallaher, from her husband, N. Gallaher, for which he gave certain notes. The latter had no title to the land, which belonged to Mrs. Gallaher at the time of her death. She died testate, leaving the will which is now sought to be probated by S. Gibson, executor, and by this will the testatrix devised her property in part to her son W. A. Neal for life, and in part to N. Gallaher for life. The land' for which the intervenor gave his notes (upon which suit had been brought) was devised to N. Gallaher for life, and upon the termination of the life-estate was to go to the children of W. A. Neal. The latter now has five children, with prospect of others, who will be entitled to the land on the termination of the life-estate. On the death of Amanda J. Gallaher, Neal and N. Gallaher took possession of her will and destroyed it, claiming that there was no will and that they had inherited her property as heirs at law, and as such they distributed the land, N. Gallaher getting for his portion the tract sold to petitioner. Having destroyed the will, with knowledge of its contents, Gallaher knew he had only a life-estate in the land; but in order to sell it and get full value for it, he concealed the facts from petitioner, telling him that he owned the fee-simple title to the land and that there was no cloud or encumbrance upon it. Relying upon this statement, as well as having the records examined and finding no will, or other record negativing the idea that Gallaher owned the fee-simple title, plaintiff purchased the land from him and made large payments on the notes. The children of Neal, who are remaindermen, being minors, through their proper representatives instituted proceedings in the court of ordinary to have the will probated, and to have Neal and Gallaher come into court and establish a copy of the destroyed will. This proceeding was appealed to the superior court by consent, and at the February term, 1914, of the superior court it was dismissed on promise to pay W. A. Neal for his children the sum of $2,000, or other large sum. Subsequently to this settlement and dismissal of the petition, Gibson, as executor, filed a petition for probate of the will, which is now pending in the court of ordinary. Plaintiff charges that the last-named petition for probate of the will was filed for the purpose of putting into effect a scheme to have the probate refused, in order

that no child of W. A. Neal who may be born in the future will appear to have any right or title to any part of the estate of Amanda J. Gallaher. It is also charged that negotiations are being made to keep the proof of the will from the court, in order that a judgment may be rendered refusing probate, and that said negotiations are based upon a monetary consideration. If the negotiations should be consummated and the probate of the will refused by the court, the interest of the petitioner will be seriously affected by reason of the fact that such judgment would make it appear that there was no will, and that Gallaher had a perfect right to sell the land to petitioner and to make fee-simple title thereto, which would perpetrate a fraud upon petitioner, as well as the minor children of W. A. Neal as remaindermen. It would be a fraud to allow the scheme of Gallaher consummated and obtain a judgment of the court which would require plaintiff .to pay the notes sued upon in the superior court, which were obtained by fraud and deceit. Petitioner has a copy of the will of Amanda J. Gallaher, and is able to prove it, as well as all the other facts with reference to probating it. Petitioner prays that as an intervenor he be allowed to produce a copy of the will and to prove the same, in 'order that it may be established and admitted to probate, etc. *Held*, that under the allegations of the petition the intervenor was a stranger to the will, and no such interest was shown by him as entitled him to intervene; and the trial judge committed no error in disallowing and striking the intervention.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 748.   JUNE 14, 1918.

Intervention. Before J. C. Newsome, judge pro hac vice. Glascock superior court. November 19, 1917.

*H. W. Arant,* for plaintiff.

*E. T. Shurley* and *E. P. Davis,* for defendant.