HOTEL CANDLER INCORPORATED *v.* CANDLER.

No. 14920.   SEPTEMBER 6, 1944.   REHEARING DENIED OCTOBER 7, 1944.

342

346

*B. Hugh Burgess, J. Lon Duckworth,* and *Scott, Dunaway, Riley & Wiggins,* for plaintiff.

*Tye, Thomson, Tye & Edmondson,* for defendant.

GRICE, Justice. In part one of the plaintiff in error's brief, under the heading "Statement of Facts," is to be found the following: "The one issue, as we understand it, before this court is whether or not there was such part performance of the oral agreement between plaintiff and defendant as would take the case out of the rule of the statute of frauds so as to become the basis of an action for specific performance." On page 2 of the defendant in error's brief may be found the following: "On page 8 of plaintiff's brief it is stated that there is only one issue involved, that is, whether the acts performed by plaintiff took the case out from under the statute of frauds. We admit that was the ground upon which the court decided the case; but we deny that plaintiff ever proved that a full, complete, specific agreement has been completed between the plaintiff and the defendant, and if that point was not established by indubitable evidence, then the judge was right in refusing specific performance, even though the reason is . . different [from the] one . . which the court gave."

To be available as a defense, the statute of frauds must be pleaded. *Tift* v. *Wight,* 113 Ga. 681 (39 S. E. 503). Where suit is brought to compel specific performance of a parol contract which

under the statute must be in writing, and no facts are alleged to bring the case within any of the exceptions, to the statute of frauds, a demurrer on that ground raising such a defense is available to the defendant without filing a special plea to that effect. *Edwards* v. *Trustees of the Baptist Church,* 147 *Ga.* 15 (92 S. E. 531). In view of the foregoing statements quoted from the briefs, we will not critically examine that part of the defendant's demurrer which is quoted in the foregoing statement of facts, but will treat it as counsel have treated it, to wit, as effectually presenting the defense of the statute of frauds. The evidence which forms the basis of the first exception is set forth in the foregoing statement of facts. If it illustrated or tended to illustrate any part performance of the contract, it was admissible. If it did not, the plaintiff in error has no right to complain. The sole purpose in offering it, we apprehend, was to show part performance of the contract. It was ruled in *Graham* v. *Theis,* 47 *Ga.* 479, that the part performance, making an exception, must be a part performance of the contract, and the doing by either party of some independent act, not a part of the contract, does not become a part performance because the doer was led so to act by his belief that the parol contract would be performed by the other party. To the same effect, see *Giradot* v. *Giradot,* 172 *Ga.* 230 (157 S. E. 282), and cit. Under the statute of frauds, contained in our Code, § 20-401, this contract is required to be in writing, since it purports to create the relation of landlord and tenant for a longer time than one year. *Byrd* v. *Piha,* 165 *Ga.* 397 (141 S. E. 48). Is it shown that there has been part performance? We pass over for the moment another question, as to whether, even had there been part performance, it was such as to render it a fraud by the party refusing to comply if the court did not compel a performance. We are met at the threshold with the contention raised by the demurrant that the petition shows no part performance of the contract, and the further insistence that the evidence relied on by the plaintiff in error to show part performance falls short of its accomplishment. If both of those positions be maintained, the judgment must be affirmed, without investigating the other question, raised by the pleadings, which the trial judge himself did not consider, to wit, whether, under the showing made, there had been any oral contract.

By reference to that part of the preceding statement of facts

wherein is set forth paragraph 6 of what is denominated "special stipulations" in the contract, which the plaintiff says Candler agreed to, it will be seen, first, that the lessee, who is the plaintiff in error, is "immediately upon the execution of this lease authorized to spend" certain amounts for certain things. The complaint of the petitioner is that the lease·was never executed. Secondly, the lessee "is hereby authorized to spend whatever in his opinion is reasonably needed to render the building and equipment reasonably usable and suitable for a hotel business." There is no allegation in the petition that the items named in the latter part of paragraph 6 were those which, in the opinion of the lessee, were reasonably needed to render the building and equipment usable and suitable for a hotel business. Lastly, it will be noted further that, in paragraph 6, it is stated that "the immediate improvements contemplated are: the replacing or repairing of the heating plant; the redecorating of the lobby; the refurnishing or renovating of the furniture in the lobby; the redecorating of the dining room; the replacing or renovation of guest-room chairs where needed." The evidence offered, and excluded, did not cover any of these specific items. The plaintiff's purchase of the things set out in paragraph 9 of his petition are not the things mentioned in the clause next-above quoted, and as aforestated, there is no allegation in the petition which would bring them under the first clause of item 6, because there is no allegation that any or all of these specific things were, in the opinion of the lessee, reasonably needed.

In support of the contention of the plaintiff in error that the averments of the·petition allege, and the evidence excluded shows, such part performance of the contract as to take the case without the statute, *Bryan* v. *Southwestern Railroad Co.*, 37 *Ga.* 26, is relied on. As pointed out in the opinion in *Brunswick Grocery Co.* v. *Lamar*, 116 *Ga.* 1, 7 (42 S. E. 366), the petition in the *Bryan* case alleged acts which indisputably and as matter of law constituted part performance of the contract sued on, not merely independent acts done under the belief that the oral contract would be performed. There, the verbal agreement was to purchase 40,000 crossties at a named price, and it was averred that in pursuance of the contract some 40,000 crossties had already been cut and delivered. *Rosser* v. *Harris*, 48 *Ga.* 512, is also relied on. The oral contract there involved was made in November, 1865, for

the rent of a plantation for the year 1866 in consideration of the tenant's paying the taxes on the land for the year last named. In pursuance of the contract, he went into possession and cultivated the place for the year 1866. Afterwards, the heirs of the owner sought to repudiate the contract and to compel the tenant to pay the proved value of the rent of the land. It was held that this could not be done, because, the tenant having gone into possession and cultivated the land, as the two had orally agreed, this was such part performance as to take the contract without the operation of the statute of frauds. Counsel cite a number of other cases along the same line, all of which have been examined. They merely give application to the rule that part performance of the contract, that is, performance of something by one of the contracting parties, which under the terms of the agreement was contracted to be done, may be sufficient to take the case without the statute. The ruling now made in no way infringes upon that rule. The proposition which forms the basis of the present decision is that anything done which is outside the limits of the contract, and which did not enter into the consideration of the agreement between the parties, is insufficient to cause the case to fall within the exceptions to the statute. Compare *Brunswick Grocery Co.* v. *Lamar*, supra. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

GRICE, Justice. In a motion for rehearing counsel for the plaintiff in error have earnestly and ably reargued their case, insisting that the acts done were sufficient to take the agreement without the statute of frauds. The entire record, the briefs, and the authorities therein cited, and others as well, have been re-examined. In our opinion the only room for argument arises from the allegation in the petition that, under the stipulation in the lease agreement, the "lessee shall carry also sufficient liability insurance to protect the owner from any liability to any one for injuries of any sort that may happen on the premises for which owner might be liable, and shall furnish lessor with proper certificate of such insurance;" and that the petitioner "renewed its liability and compensation and hold-up insurance policies on said business for a period of another year." On this subject, the proof was that "the plaintiff's liability insurance, compensation insurance, and hold-up insurance all expired . . on March 14, 1944,"

and "the manager of plaintiff did renew said policies of insurance" for another year. If, in the absence of a special demurrer, the court should construe the latter-quoted words as showing a compliance with the obligation contained in the clause first quoted, and as a part performance of the contract, still, the judgment dismissing the suit was correct. "The part performance referred to in the statute is something substantial and is generally essential to the performance of the contract." *Bentley* v. *Smith, 3 Ga. App.* 242 (59 S. E. 720). It is not every part performance of the contract that will take it without the statute of frauds. It is only where there has been such part performance as would render it a fraud of the party refusing to comply if the court did not compel a performance. "Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the nonperformance." Code, § 37-801. Section 37-802 declares in part: "The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducement of the other party, that if the contract shall be abandoned he can not be restored to his former position."

It is not averred that the owner is insolvent. If he is able to respond in damages for a breach of this covenant, the complainant is not remediless. The mere breach of a covenant, without more, is not a fraud under such circumstances. Where the law requires a contract to be in writing, a court of equity will enforce an agreement otherwise made only where "the parties have so acted upon and by virtue of the contract as that it would be a fraud to permit the defendant to repudiate it." *Haislen* v. *Savannah &c. R. Co.,* 51 *Ga.* 199; *Nowell* v. *Monroe,* 177 *Ga.* 648, 652 (171 S. E. 136) ; *Neely* v. *Sheppard,* 185 *Ga.* 771, 776 (196 S. E. 452). See also *Burnelt* v. *Blackmar,* 43 *Ga.* 569.

The owner of certain land and timber entered into a parol contract with another, whereby the latter was to begin immediately to cut the timber at a designated price to be paid therefor. It was held: "The fact that the purchaser of the standing trees in the instant case had expended money in procuring hands whereby to cut and remove the trees, and had purchased an ox with which to move the trees, and had also cut a part of the trees upon the land

in question, was not such part performance as took the contract out of the operation of the statute. For, if by the employment of hands and the purchase of the ox, injury was incurred for which the owner of the land is liable, the purchaser could be compensated by damages." *Baucom* v. *Pioneer Land Co.,* 148 *Ga.* 633 (2) (97 S. E. 671). It would seem that the cutting of the trees was a part performance of the contract, but this court enjoined the purchaser from entering upon the lands and cutting the timber. In doing so, it must have been held that it was not such part performance "as would render it a fraud of the party refusing to comply." So here it must be ruled that, if the securing of liability insurance to protect the owner was a part performance of the contract, it was not such as that the refusal of the owner to comply with the oral contract would render it a fraud on the other party. For that expenditure he can be fully compensated in damages, and where such is the case, he does not need the equitable remedy of specific performance. In *Justices of the Inferior Court* v. *Croft,* 18 *Ga.* 473, it was ruled: "When there is a mere breach of a personal contract . . and it is not shown that irreparable injury will result, unless the contract be specifically performed, a court of equity will not decree such specific performance."

It is only in those instances, where, when land is involved, *the agreement was in writing,* that it has been held that, if the agreement is full and fair in its terms and capable of being enforced, equity will decree specific performance, whether damages be adequate or not. *Forsyth* v. *McCauley,* 48 *Ga.* 402, 404. As to parol contracts involving land, the governing rule has been laid down as follows: "Equity will decree the whole performance of an agreement which is within the statute of frauds, whenever there has been such a part performance as that the whole performance is necessary to prevent a fraud; and the whole performance is necessary to prevent a fraud in a case where the parties have proceeded so far on the faith of the agreement, that they can not be restored to their *statu quo* nor adequately compensated in damages by avoiding the agreement and leaving them to their action for damages." *Chastain* v. *Smith,* 30 *Ga.* 96.

So, regardless of whether or not the allegations in the petition, that the contract required the lessee to carry liability insurance to protect the lessor from legal liability, and the further allegation that the complainant renewed its liability, compensation, and

hold-up insurance on said business, show that an act was done under the contract, this is not a sufficient reason for a reversal of the trial court in sustaining the demurrer.     *Rehearing denied.*