BAKER *et al. v.* HENDERSON, by next friend, *et al.*

No. 17690.   SUBMITTED JANUARY 14, 1952—DECIDED FEBRUARY 11, 1952.

*Mitchell & Mitchell* and *J. G. B. Erwin,* for plaintiffs in error.

*Y. A. Henderson, James Maddox, R. F. Chance, R. Carter Pittman, J. B. Langford, Warren Akin, Solicitor-General,* and *Eugene Cook, Attorney-General,* contra.

CANDLER, Justice. (After stating the foregoing facts.) It is said in the brief filed by counsel for the plaintiffs in error that the only question presented for decision by the writ of error is whether or not these complaining petitioners have any interest in the establishment and probate of a copy of Jimmie Henderson's purported will. As to this, opposing counsel concur and so do we. Concededly, if these petitioners will not be injured or benefited by the establishment and probate of the alleged copy will, they are therefore strangers to it, and are not proper parties to this litigation. 57 Am. Jur. (Wills) 540, § 597; 68 C. J. (Wills) 902, § 631 (c); *Pierce* v. *Felts,* 148 *Ga.* 195 (96 S. E. 177). It is contended and argued in the present case that these petitioners, as blood heirs of P. N. Henderson, will be injured if the instrument offered as a copy of Jimmie Henderson's will is established and probated under Code § 113-611, and for that reason they should be allowed to intervene and be made parties to the pending probate proceeding for the purpose of contesting the establishment and probate of the purported copy will of Jimmie Henderson. To this we do not agree for the following reasons:

(a) As shown by the preceding statement of facts, these petitioners for leave to intervene base their claim to the estate of P. N. Henderson—notwithstanding his devise of it to Jimmie Henderson—upon the provisions of an act passed by the legisla-

ture in 1917 (Ga. L. 1917, p. 101), now embodied in the Code of 1933 as § 85-1107, which declares: "If there shall now or hereafter be any property in this State in the hands of an administrator or escheator to which the husband or wife or adopted child of the deceased was an heir, but such widow, husband, or adopted child, before receiving possession of said property, has died intestate in respect thereto, and without ascertainable heirs, such property shall not escheat to the State, in case there are heirs of the blood of such deceased person, but shall be held to belong to the persons who would have inherited the same had such marriage or adoption not occurred." In this case, the petition for leave to intervene and become parties, as amended, alleges that the property bequeathed by the testator P. N. Henderson to Jimmie Henderson was in the hands of the latter's guardian at the time of the devisee's death; and, since the guardian's possession of the devised property at that time was in law unquestionably his ward's possession, the petition must be construed as alleging that the devisee had received possession of the property bequeated to him before his death, and citation of authority for this statement is not necessary.

(b) Formal adoption, or adoption according to the statutes of this State, is not relied on in this case, but the amended petition and the brief filed by counsel for the plaintiffs in error allege and state that the petitioners predicate their claim on the theory that Jimmie Henderson was virtually adopted, and that a person so related to the deceased comes within the meaning of the cited act of 1917. We do not think so. Virtual adoption is not adoption. It is merely a court-given name to a status arising from and created by a contract where one takes and agrees to legally adopt the child of another, but fails to do so. In such a case there is no legal adoption, but a court of equity, considering that done which ought to have been done, will decree to the injured child, from the estate of him who has so breached his contract to adopt, the equivalent of the benefit which the child would have received had the adopter performed his contractual obligation to formally and legally adopt the child, but the relation of parent and child by adoption does not result therefrom. See in this connection, *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773) ; *Jones* v. *O'Neal*, 194 *Ga.* 49 (20 S. E. 2d, 585) ; *Ware* v.

*Martin,* 207 *Ga.* 512 (63 S. E. 2d, 335). However, we would not like to be understood as holding or intimating that the amended petition in this case alleges facts which are sufficient to show virtual adoption.

For the reasons stated in the two preceding divisions, it necessarily follows that the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*