## 22046.  STITH v. WILLIS et al.

QUILLIAN, Justice.  Mathaline Collins Stith filed her petition in equity against Lola Mae Willis, J. C. Willis, Faye Monk, Marie Monk and The Langdale Company. Later, she amended by striking J. C. Willis and The Langdale Company as parties defendant, deleting certain paragraphs and one of her prayers and adding an allegation.  The petition as amended alleged: that the plaintiff's natural mother died when she was three months old and that her natural father had an oral understanding and agreement with J. J. and Lizzie Collins, husband and wife, that they would take, rear and educate the plaintiff as their own daughter, and that they would love, provide for and adopt her as their own and that she would inherit their property at their death as if she were their natural child, provided the natural father would relinquish all of his claims as her father; that the natural father did accept and assent to the agreement; that the agreement was made by the natural father for the plaintiff's benefit; that pursuant thereto the plaintiff's father gave and delivered her to the Collinses with the understanding she would be adopted by them; that the Collins gave the plaintiff the name of Mathaline Collins and that she was taught to call them "mama" and "daddy;" that the Collins held her out to the community as their daughter and adopted daughter and introduced her as such; that the plaintiff was fed, clothed and educated by the Collinses and known in the community as Mathaline Collins; that the plaintiff performed services ordinarily required of children by their parents; that at all times prior to her marriage she remained in the Collins home and was recognized as their daughter.

The petition further alleged that J. J. Collins died intestate without having adopted the plaintiff on December 15, 1943, seized and possessed of a certain 347 acres of land and personal property, and survived by his wife and the three defendants, his natural children; that no administration was had on his estate nor were there proceedings declaring no administration necessary; that Lizzie Collins remained in possession of the property until her death October 28, 1957, and that the plaintiff remained with her as before, that Lizzie Collins died intestate and there was no administration of her estate and no proceedings declaring no administration necessary; that after

Lizzie Collins' death the defendants assured the plaintiff they recognized her interest as an heir in the estate; that the defendants executed a warranty deed on January 16, 1962, for a portion of the lands to the Langdale Company for a consideration of $25,000 completely ignoring the plaintiff's interest; that on the same day they executed a warranty deed for the remainder of the lands to Lola Mae and J. C. Willis for $15,000 also ignoring the plaintiff's interest and, in both instances, treating the estate of Lizzie Collins as belonging to J. J. Collins' estate; that the plaintiff never had an opportunity to assert her rights as an heir at law of J. J. or Lizzie Collins but, until after the property was sold, the defendants had led the plaintiff to believe they acknowledged her rights as an heir at law; that the plaintiff has no adequate remedy at law and invokes equitable aid to protect her rights and prevent a multiplicity of suits.

The prayers were for process; "that your petitioner be declared by the court to be the child and heir at law of J. J. Collins and Lizzie Collins, both deceased"; for such other and further relief as may appear equitable and proper.

To the order sustaining the general demurrers of the defendants, the plaintiff excepted and assigns error. *Held:*

1. The plaintiff in error contends that she has alleged facts in her amended petition sufficient to afford her the equitable relief prayed for, to wit: that she be declared to be the virtually adopted heir of J. J. and Lizzie Collins, citing *Hollis v. Maxwell*, 215 Ga. 483 (111 SE2d 72), and *Toler v. Goodin*, 200 Ga. 527 (37 SE2d 609). In discussing the theory of virtual adoption this court has held innumerable times: "a parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by both parties during the obligor's life, may be enforced, upon the death of the obligor, by adjudging the child entitled as a child to the property of the obligor who dies without disposing of his property by will." *Crawford v. Wilson*, 139 Ga. 654, 658 (78 SE 30, 44 LRA (NS) 773). In such a case, "equity considers that done which ought to have been done, and as one of the consequences, if the act of adoption had been formally consummated, would be that the child would inherit as an heir of the adopter, equity will enforce the contract by decreeing that the child is entitled to the fruits of a legal adoption." Ibid. p. 659. See *Code* § 37-106.

Although "in a proper case, where a valid contract to adopt another is breached, the injured party may enforce the contract by suit for specific performance and obtain a decree that he is entitled to have the same benefits from the defaulting parties' estate that would have been his if the contract had been performed and a legal adoption had, according to the terms of the contract," "the unfulfilled contract to adopt another does not confer upon such person the status of the adopted child of the parties who break the promise nor operate to constitute him the heir at law of the promisor." *Winder v. Winder*, 218 Ga. 409 (128 SE2d 56). This statement is supported by the very case cited by the plaintiff in error, for as was clearly pointed out in *Toler v. Goodin*, 200 Ga. 527, 534, supra: "This was not a suit to require anyone to adopt the plaintiff, but it was a suit to establish title to property by decreeing the plaintiff entitled thereto as a child of the alleged obligors, just as though she had been legally adopted according to the alleged agreement."

A court of equity has no power to grant the special prayer: "That your petitioner be declared by the court to be the child and heir at law of J. J. Collins and Lizzie Collins, both deceased." *Rahn v. Hamilton*, 144 Ga. 644 (1) (87 SE 1061); *Pair v. Pair*, 147 Ga. 754, 758 (95 SE 295); *Burgamy v. Holton*, 165 Ga. 384, 391-392 (141 SE 42); *Parnelle v. Cavanaugh*, 191 Ga. 464, 465 (1) (12 SE2d 877); *Baker v. Henderson*, 208 Ga. 698, 702 (69 SE2d 278).

2. Although it is an ancient precept, embodied in our laws, that "equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose," *Code* § 37-105; yet, it has always been the rule in this State, as succinctly held in *Butler v. Durham*, 2 Ga. 413 (3): "Where there is a special prayer and a general prayer, the complainant under the general prayer may have such other relief only as is consistent with the case made in the bill, and with the special prayer." This is aptly brought out in *Matson v. Crowe*, 193 Ga. 578, 583 (19 SE2d 288): "There is a prayer for general relief. This prayer is sufficient to grant petitioners such relief as is consistent with and entirely within the scope of the pleadings. *Broderick v. Reid*, 164 Ga. 474 (2), 483-484 (139 SE 18), and cit. The nature of the case,

however, must be such that under the prayer for general relief some character of relief may be granted which is consistent with the case made by the petition and with the specific prayers therein. *Copeland v. Cheney*, 116 Ga. 685 (43 SE 59); *Pound v. Smith*, 146 Ga. 431, 435 (91 SE 405)." See *Stanley v. Greenfield*, 207 Ga. 390 (7) (61 SE2d 818, 21 ALR2d 1256); *Williams v. Manchester Bldg. Sup. Co.*, 213 Ga. 99, 102 (97 SE2d 129).

Thus, while there are allegations which might entitle the plaintiff to, in effect, a decree of specific performance of the contract so that she would be entitled to her share of the estate, or for cancellation of the instruments in question, the special prayer does not authorize such relief. Hence, it can not be said that the prayer for general relief would encompass remedies which are not prayed for.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 14, 1962—DECIDED MAY 29, 1963.

*Franklin, Barham, Coleman, Elliot & Blackburn, Hugh D. Wright*, for plaintiff in error.

*John N. Peeples, J. Lundie Smith*, contra.