49803. TELLIS et al. v. SAUCIER et al.

QUILLIAN, Judge.

Before March 1, 1972 appellant Lillie S. Tellis had been receiving benefits under the Aid to Families with Dependent Children (hereinafter referred to as "AFDC") Program for herself and for appellant Lillie Bell Stafford, then age 6, and appellant Betty Jean Doyle, then age 10. See Code Ann. §§ 99-901 (Ga. L. 1937, pp. 630, 637) and 99-2901 (Ga. L. 1965, pp. 385, 386). Appellants' benefits under this program were terminated because it was determined that Lillie Bell Stafford and Betty Jean Doyle were not the natural children of Lillie S. Tellis and that Lillie S. Tellis had not formally legally adopted these children as required by statute and agency regulations.

Appellants appealed this decision terminating their AFDC benefits and a hearing was held before a hearing officer.

At the hearing, appellants argued that the facts established that while appellant Lillie S. Tellis had not formally legally adopted appellants Lillie Bell Stafford and Betty Jean Doyle, she had in fact "virtually" or "equitably" adopted these children; that Georgia courts have traditionally recognized the doctrine of virtual or equitable adoption; and that therefore she and the children were eligible for and entitled to AFDC benefits because they had met the requirements of Code Ann. §§ 99-902 (Ga. L. 1937, pp. 630, 631; 1950, pp. 307, 308; 1957, pp. 368, 371; 1963, pp. 291, 292; 1964, pp. 125, 126), and 99-903 (Ga. L. 1937, pp. 630, 632; 1952, pp. 253, 254) to qualify for AFDC benefits. The hearing officer made

findings of facts including the finding that the two children had not been legally adopted by Lillie S. Tellis. The hearing officer ruled there is no provision in the state plan (AFDC Program) for providing benefits in the case of virtual adoption and that therefore appellants were not eligible for AFDC benefits.

Pursuant to Code Ann. § 3A-120 (Ga. L. 1964, pp. 338, 354), appellants then filed a petition in the Fulton Superior Court for a judicial review of this final decision by appellee administrative agency.

The trial judge affirmed the action of the administrative agency, denied the relief sought by the appellants, and dismissed appellants' petition for judicial review. Appellants appealed from this final order.

At the hearing on this petition appellants introduced into evidence certified copies of two final orders of the Superior Court of DeKalb County which established that appellant Tellis did finally legally adopt appellants Stafford and Doyle. Hence, the appellants are appealing to this court the termination and denial of AFDC benefits to them for the period from March 1, 1972, when their AFDC benefits were initially terminated through November 10, 1972, the date of the final adoption orders when appellants were again eligible for AFDC benefits according to the ruling of the hearing officer to wit: a period of eight months and ten days. *Held:*

"Although 'in a proper case, where a valid contract to adopt another is breached, the injured party may enforce the contract by suit for specific performance and obtain a decree that he is entitled to have the same benefits from the defaulting parties' estate that would have been his if the contract had been performed and a legal adoption had, according to the terms of the contract,' 'the unfulfilled contract to adopt another does not confer upon such person the status of the adopted child of the parties who break the promise nor operate to constitute him the heir at law of the promisor.' " *Stith v. Willis,* 219 Ga. 62, 64 (131 SE2d 620). Accord, *Winder v. Winder,* 218 Ga. 409, 411 (128 SE2d 56). In short, "virtual adoption is not adoption" (*Baker v. Henderson,* 208 Ga. 698, 702 (69 SE2d 278)) and would not serve to create a parent-child relation between the appellants in this case. *Limbaugh v. Woodall,* 121 Ga.

App. 638, 641 (175 SE2d 135).

Code Ann. § 99-902, supra, in its definition of "dependent child" provides among the requirements that such child be one "... who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, or aunt, in a place of residence maintained by one or more of such relatives as his or their own home ..." Compare 42 U. S. C. A. § 606. There is no language in any of the provisions of Code Ann. Ch. 99-9 which could be construed to include a child who had been "virtually or equitably adopted." However regrettable it may be, the children in this case did not meet the statutory requirements during the time assistance was sought, that is, March 1, 1972 until November 10, 1972, because they were not living with any one of the specified relatives.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Argued October 7, 1974 — Decided January 28, 1975.

*William J. Brennan, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, Timothy J. Sweeney, R. Douglas Lackey, Assistant Attorneys General,* for appellees.