A91A0137. LINIADO v. ALEXANDER.
A91A0138. ALEXANDER et al. v. LINIADO.
(404 SE2d 602)

BIRDSONG, Presiding Judge.

John G. Alexander, a professional tennis player who lived in Atlanta from 1974 to 1987, filed suit against his former financial manager and friend, Ralph Liniado, alleging breach of contract, breach of fiduciary duty and fraud in connection with their joint venture, which they entered in 1981 for ownership and management of four condominiums.

Alexander's claims involved Liniado's failure to deed to Alexander full title to the jointly owned property in 1983 upon Alexander's payment to Liniado of $20,000, after which Liniado, as manager, paid all expenses of the venture out of Alexander's funds while still claim

ing for himself one-half of the losses as tax deductions until 1986, when Alexander learned Liniado had not parted with his ownership.

The trial court after a bench trial made findings of fact which neither party directly challenges in these cross-appeals. Its judgment for $3,500 against Liniado for unauthorized funds drawn from Alexander's corporate funds is not challenged. The trial court dismissed or granted directed verdict to Liniado as to Alexander's breach and fraud claims.

The trial court found that "what transpired here was not fraud, but was severe and expensive miscommunication and noncommunication." The court then found there was "a situation of mutual confidence requiring utmost good faith by each joint venturer [OCGA § 23-2-58]," but that Liniado "acted in bad faith in failing to provide the agreed upon deed to [Alexander] as he said he had done and has caused [Alexander] unnecessary trouble and expense, and . . . [Alexander] is, therefore, entitled to partially recover expenses of litigation, including attorney fees, in the sum of $35,017.54." Further, the trial court ordered Liniado to execute the necessary deeds to the property, and declared that the joint venture had come to an end as of January 1, 1984.

Liniado appeals, complaining that because the trial court ruled in his favor as to Alexander's claims, no basis exists for an award of expenses of litigation and attorney fees for bad faith. Alexander cross-appeals, saying the trial court erred fundamentally in merely ordering Liniado to issue a deed to the property, since Alexander never asked for specific performance but had filed an action at law for fraud. *Held*:

1. The trial court found and was authorized to find that under the terms of the joint venture Liniado and Alexander "were to share ownership of the condominium units on a fifty-fifty basis, and were each to have a fifty percent share in the profits *and losses* of the venture. . . ." (Emphasis supplied.) The trial court found that Alexander's discovery after 1982 that "Liniado had not funded his half of the operating losses of the venture, but had paid all losses out of Alexander's funds" caused discontent and led the parties to "eagerly [enter] into an agreement for Liniado to transfer his interest in the venture to Alexander in return for a $20,000 cash payment to Liniado." Finding Liniado never conveyed title and continued to use half the losses for his own tax benefit, the trial court then proceeded on the assumption that it was authorized to treat the case as if Alexander had petitioned in equity to enforce the sale. In this the trial court erred.

The facts as found by the trial court establish that apart from accepting, if not extracting, $20,000 from Alexander and charging him for all operating expenses, Liniado did not act as if he had sold his

share to Alexander. He retained all the benefits of ownership, to the detriment of Alexander, who could have kept his $20,000 and saved half the costs charged against him if he had known Liniado was going to retain half ownership and use half the losses for his own tax benefit. Alexander did not ask the court to "do equity" and effectuate the "sale." He had a right to base his claims upon the circumstances as Liniado set them up, to the effect of at least constructive fraud in that there was only the illusion of a sale, resulting in the extraction of money and all expenses from Alexander, while Liniado continued to use half the losses to reduce his own tax liability.

In all cases of fraud, except fraud in the execution of a will, equity has concurrent jurisdiction with the law, but when law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it, unless a good reason is given for the interference of equity. OCGA §§ 23-2-50; 23-1-5; *Gandy v. Robinson Co.*, 216 Ga. 190 (115 SE2d 341). Where a party has an election to proceed in law for damages or in equity, and chooses to proceed at law, the suit is cognizable at law (*Hagan & Dodd Co. v. Rigbers*, 1 Ga. App. 100, 105-106 (57 SE 970)), and the court of law will retain it. Equity does not interfere in a proceeding commenced at law (*Mordecai v. Stewart*, 37 Ga. 364, 365 (4)) and is without jurisdiction in the first place, unless the legal remedy is inadequate. OCGA § 23-1-4; *Y. v. S.*, 224 Ga. 352 (162 SE2d 321). Even where a plaintiff has petitioned for equitable remedy, equity will be denied if there is a remedy at law for damages (*Black v. American Vending Co.*, 239 Ga. 632, 633 (238 SE2d 420)), unless the plaintiff has prayed for specific performance of a sale of land. Id.; see *F. & W. Grand &c. Stores v. Eiseman*, 160 Ga. 321, 322 (127 SE 872). In general, a court is limited to grant relief consistent with the claim for relief. See *Stith v. Willis*, 219 Ga. 62 (131 SE2d 620); *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99 (97 SE2d 129).

Alexander had the right to seek damages for fraud. The trial court's legal jurisdiction attached first and equity had no cause to interfere. Alexander preferred to get damages rather than to seek enforcement of a sale which, consistent with the findings of fact, was entirely illusory except for Liniado's acceptance of Alexander's $20,000 and all operating expenses. Alexander could not be compelled to accept an equitable remedy and forego his right to damages at law in this case. See *Kenimer v. Ward Wight Realty Co.*, 219 Ga. 275 (133 SE2d 18).

Moreover, Liniado affirmed the existence of the joint venture by making contributions to expenses after 1986 when this present controversy arose. If in doing so he declared himself liable for some of the expenses, then he may be seen as asserting his ownership; the fact that he did this makes his acceptance of $20,000 from Alexander in

1982 for his ownership all the more questionable. No jurisdiction and no reason exists to equitably declare the joint venture dissolved as of January 1, 1984, particularly since Liniado made contributions to the joint venture after 1986.

Inasmuch as this was not a case in equity and could not be converted to one, it is irrelevant whether specific performance could be granted in this case of an oral agreement violating the statute of frauds. See OCGA § 13-5-30. However, our ruling that this is an action cognizable at law is mandated also by the principal that equity enforces an oral agreement for the sale of land only when it is necessary to *prevent* a fraud. OCGA § 13-5-31 (3); see *Hotel Candler v. Candler*, 198 Ga. 339 (31 SE2d 693); *Chastain v. Smith*, 30 Ga. 96. In this case, the damage is already done by Liniado's obtaining $20,000 and assessing all expenses against Alexander but still taking for his own tax benefit half the considerable losses under his management. Forcing Alexander to accept a deed from Liniado at this point, with the extinguishment of all Alexander's claims for damages, would not prevent a fraud but would perfect one.

The terms of the judgment below granting specific performance of the agreement of sale and decreeing the joint venture dissolved as of January 1, 1984, and awarding expenses of litigation including attorney fees are reversed. The case is remanded with instruction to consider fully Alexander's claims, including the plea to dissolve the joint venture pursuant to law, his claims for damages, and his claims for expenses of litigation and attorney fees, where allowable. Said claims are to be considered in light of the facts found by the trial court, including the fact found that Liniado's counterclaims are without merit and the finding that Liniado acted in bad faith and caused Alexander unnecessary trouble and expense in an amount not less than $35,017.54; and such additional but not inconsistent facts as may be necessary to resolve fully Alexander's claims. It thus becomes unnecessary to consider Liniado's point in his appeal that expenses of litigation including attorney fees could not be awarded to Alexander for Liniado's bad faith without Liniado being found liable for the particular claims of damage.

2. Jurisdiction of this case is proper in this court. This is an action at law for damages; equitable relief was not sought nor was it proper. *Regal Textile Co. v. Feil*, 189 Ga. 581 (6 SE2d 908). See *Capitol Fish Co. v. Tanner*, 192 Ga. App. 251 (384 SE2d 394).

*Judgment reversed and case remanded with direction. Pope and Cooper, JJ., concur.*

### ON MOTION FOR REHEARING.

Liniado contends we interfered with the factfinding powers of the

trial court, which found that "what transpired here was not fraud," and found that the joint venture was effectively ended by the 1983 "buy out" wherein Alexander paid Liniado $20,000 for Liniado's share of the property, even though Liniado never conveyed his interest to Alexander but continued to appropriate the tax benefits therefrom while charging Alexander for all costs of the venture.

The trial court's finding that "what transpired here was not fraud" was founded upon the legal error of treating Alexander's claim of fraud as if it were a prayer for specific performance, and for that reason cannot stand. Appellate courts may set aside or vacate a conclusion based on legal error. It is clear that the proceedings became confused, first because of *Liniado's* counterclaim asking that he merely be allowed to disgorge a deed, inasmuch as he did nothing wrong in extracting $20,000 while failing to convey his interest and using the benefits of ownership while charging all costs of ownership to Alexander; and secondly because the trial court did not recognize that Alexander could not be forced by Liniado or the court to accept the equitable remedy which Liniado sought to impose upon him. The trial court's conclusion that what transpired was not fraud is bound up in the idea that it could impose an equitable remedy upon Alexander and thus avoid a finding of fraud.

The most successful fraud, and the most dangerous, is that which even when held up to light can be turned in such a way as to cast a flattering shadow. It is certainly within our purview to determine that a finding by the trial court is without evidence or is so contrary to evidence that the result cannot stand. We did not say Liniado committed a fraud, but we have no hesitation in saying that the underlying facts found by the trial court make out a case for at least constructive fraud, perhaps the more so because it seems so hard to detect.

DECIDED MARCH 5, 1991 —
REHEARING DENIED MARCH 25, 1991 — 

*Webb & Daniel, Philip S. Coe, Marcia M. Ernst*, for appellants. *Greenfield, Ellis & Bost, William L. Bost, Jr.*, for appellee.